**HARDWARE MUTUAL CASUALTY COMPANY, a corporation, and ADAMS-KENNEDY COMPANY, INC., a corporation, v. MRS. RUBY CARLTON, a widow and as Natural Guardian of Duana Carlton, a minor, and FLORIDA INDUSTRIAL COMMISSION.**

9 So. (2nd) 359              En Banc
July 28, 1942

Shackleford, Farrior & Shannon, for appellants.
Lewis E. Purvis and J. L. Robbins, for appellees.

BUFORD, J.:

Subsequent to the entry of our judgment of affirmance herein on June 16, 1942, the appellee has filed petition for an order of this Court awarding attorney's fees against the appellants.

It is the contention of appellee that she is entitled to the order prayed under the provisions of Sec. 34(a) of Chapter 20672, Acts of 1941.

This statute substantially changed the liability of the employer and the insurance carrier from what it was when the injury occurred.

The acceptance of the application of Workmen's Compensation Statutes by employer, employee and insurance carrier constitutes a contract between the parties embracing the provisions of the statutes as they may exist at the time of any injury compensable under the terms of the statute. See Chamberlain v. Fla. Power Corporation, 144 Fla. 719, 198 So. 486; Liberato v. Royer, 170 U.S. 535, 70 L. Ed. 719.

It, therefore, follows that when claimant was injured in November of 1940 the Act of 1941, supra, was not in existence and was not a part of the contract.

In Page on Contracts, Vol. 6, Sec. 3674, the writer says:

"The obligation of a contract is impaired when the substantive rights of the parties thereunder are changed. The extent to which their substantive rights are impaired is probably immaterial since they are entitled to their rights under the original contract without any change."

It appears to us that to hold that the provisions of Sec. 34 (a) of Chapter 20672, Acts of 1941, retroactive would be in violation of Sec. 10, Article I of the Constitution of the United States.

Therefore, the petition must be denied.

BROWN, C. J., WHITFIELD, THOMAS and ADAMS, JJ., concur.

TERRELL, J., agrees to conclusion.

CHAPMAN, J., not participating.