220 So.2d 355 (1969)
Eldred L. TUGGLE and Catherine Tuggle, His Wife, Petitioners, Cross-Respondents,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Respondent, Cross-Petitioner.
No. 37604.
Supreme Court of Florida.
March 5, 1969.
Rehearing Denied April 7, 1969.
*356 Thomas A. Horkan, Jr., and Alfred D. Bieley, Miami, for petitioners, cross-respondents.
Paul A. Carlson, of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for respondent, cross-petitioner.

On Petition and Cross-Petition
DREW, Justice.
The first appearance of this case in the appellate courts was in the District Court of Appeal, Third District.[1] There the court concluded its decision as follows:
"The denial by the trial court of plaintiff's attorney's fees for services in this case was not error. There had been no demand by plaintiffs for arbitration or refusal thereof by the insurer. The decree as amended on rehearing preserved the rights of the parties for arbitration as called for in the policy."
We granted certiorari and on review quashed the decision of the District Court and remanded "for disposition in accordance with this opinion, with directions that attorney's fees be awarded in accordance with petitioners' contentions on this point."[2] (e.s.)
"Petitioner's contention" referred to in the foregoing excerpt from our decision, as gleaned from their brief on the merits, is set forth in their "Point II" as follows:
"The Court erred in refusing to award the plaintiffs reasonable attorneys' fees."
The former certiorari proceedings were argued in this Court June 14, 1967, prior to the effective date of Chapter 67-400, Acts of 1967 (now 627.0127, F.S.A.), which provided for fees in the appellate as well as the trial court. It is therefore quite obvious that the reference in our decision in 207 So.2d 674, quoted above, pertained only to attorneys' fees for services in the trial court.
We do not agree with the contention of petitioners that, in awarding fees the trial court may include services in this case in either the District Court of Appeal or in this Court. The 1967 amendment, supra, was not retroactive and there existed no statutory basis for award of fees for services performed in appellate proceedings instituted prior to its effective date.
That part of the decision of the district court here reviewed,[3] awarding the Tuggles $750 as compensation for services in that court, is accordingly quashed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C.J., and ROBERTS, THORNAL AND CALDWELL (Retired), JJ., concur.
NOTES
[1] Tuggle v. Gov't Employees Ins. Co., 185 So.2d 487.
[2] Tuggle v. Gov't Employees Ins. Co., 207 So.2d 674.
[3] Tuggle v. Gov't Employees Ins. Co., 208 So.2d 865.