353 So.2d 596 (1977)
FLORIDA GLASS & MIRROR COMPANY OF ORLANDO, INC., Appellant,
v.
ECONOMY KING EQUIPMENT COMPANY et al., Appellees.
No. 76-2586.
District Court of Appeal of Florida, Fourth District.
December 13, 1977.
Rehearing Denied January 17, 1978.
*597 Robert B. Worman of Waterhouse & Worman, Orlando, for appellant.
Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for Appellee-Economy King Equipment Co.
ALDERMAN, Chief Judge.
We have considered the issues raised by the appellant and cross-appellant in this mechanic's lien foreclosure case and find no reversible error. We also grant appellee's motion for attorney's fees.
The award of attorney's fees merits discussion. Section 713.29, Florida Statutes (1975), provides for recovery of attorney's fees by the prevailing party in any action brought to enforce a mechanic's lien. The Supreme Court in Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla. 1975), held that Section 713.29 referred only to attorney's fees at the trial level and did not provide for the allowance of such fees on appeal. Since that time the Legislature has enacted an amended version of Section 59.46, Florida Statutes, which took effect on October 1, 1977. (Chapter 77-76, Laws of Florida.)
In the absence of an expressed contrary intent, any provision of statute or contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party, shall be construed to include the payment of attorney's fees to the prevailing party on appeal. Section 59.46(1), Florida Statutes (1977)
We conclude that the phrase, "entered into after October 1, 1977," refers only to contracts and has no bearing on the time of enactment of statutes. We therefore hold that Section 713.29 when construed in the light of Section 59.46 now permits recovery of reasonable attorney's fees by the prevailing party on appeal.
Because the amended version of Section 59.46 took effect on October 1, 1977, and this court's determination of this appeal occurred after that date, the appellee, as the prevailing party, is entitled to the payment of reasonable attorney's fees on appeal. The law in effect at the time of appellate disposition is to be applied. Guth v. Guth, 346 So.2d 81 (Fla. 4th DCA 1977).
Affirmed and remanded to the trial court for the determination and award of reasonable attorney's fees to appellee as the prevailing party on appeal.
AFFIRMED and REMANDED.
DOWNEY and LETTS, JJ., concur.