SCHWARTZ, Judge.
The summary judgment under review denied the appellant’s claim, based upon a written agreement for indemnification, for the attorney’s fees it expended in defense of an action in the federal district court. Although it never became an actual party to the federal case, the interests of the appellee-condominium association were obviously aligned with those of the plaintiffs, who were individual unit owners and who were suing the present appellant, the developer-lessor of the condominium’s common areas.[1] The federal action, which was ultimately dismissed, sought to invalidate the lease based upon allegations, among others, that it was in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2 (1970). The indemnification agreement, which forms the basis of the suit now before us, is contained in that very lease.
Under these-circumstances, we think that the trial judge’s determination was properly founded upon the strong public policy which encourages the filing of private suits under the federal anti-trust laws; and which therefore precludes awards of fees to successful party-defendants in such actions. Byram Concretanks, Inc. v. Warren Concrete Products Co. of New Jersey, 374 F.2d 649 (3d Cir. 1964), cert. denied, 377 U.S. 916, 84 S.Ct. 1179, 12 L.Ed.2d 185 (1964); Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee, 435 F.Supp. 1307, 1327 (E.D.Wis.1977); Gillam v. A. Shyman, Inc., 205 F.Supp. 534 (D.Alaska 1962). The judgment below is therefore
Affirmed.

. See Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977), cert. denied, 362 So.2d 1051 (Fla.1978).