381 So.2d 240 (1979)
KRESTVIEW NURSING HOME, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. NN-315.
District Court of Appeal of Florida, First District.
July 12, 1979.
W. Kirk Brown, Tallahassee, for appellant.
Chester G. Senf, Jr., Asst. Gen. Counsel, Florida Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.

ON MOTION TO DISMISS APPEAL
ROBERT P. SMITH, Jr., Judge.
Krestview Nursing Home appeals a reduction in per diem reimbursement rates ordered by the Department of Health and Rehabilitative Services. Two letters informed Krestview of the Department's determination that reimbursement rates would be reduced; Krestview styled these letters "final agency action", and filed this appeal pursuant to Section 120.68, Florida Statutes (1977). Prior to filing the appeal, Krestview invoked its rights to formal administrative proceedings under the APA. Krestview's formal hearing on the HRS rate reduction is now pending before the Division of Administrative Hearings as DOAH case number 79-720. We are now faced with an appeal from HRS letters purporting to affect the substantial rights of Krestview, and parallel administrative proceedings which will, in due course, produce an order satisfying the requirements of Section 120.59, Florida Statutes.
*241 The Department argues that the appeal must be dismissed on the grounds that the letters at issue are not "final agency action"; that the pendency of formal administrative proceedings marks the letters as nonfinal, nonappealable administrative action.
Krestview counters with the argument that the effect of the Department's letters was immediate and adverse, notwithstanding the pendency of an administrative hearing. Krestview's reimbursement rate has been, and continues to be, reduced at the rate of $20,462 per month, such that judicial review is the only relief available to Krestview.
For the purpose of remedying agency denial of APA remedies, this court has asserted its jurisdiction to review agency action effected in freeform proceedings, usually characterized by the letters announcing decisions in tenor final but not satisfying Chapter 120 requirements. See, e.g., Capeletti Bros., Inc. v. Dept. of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978); Harris v. Florida Real Estate Commission, 358 So.2d 1123 (Fla. 1st DCA 1978); Graham Contracting, Inc. v. Department of General Services, 363 So.2d 809 (Fla. 1st DCA 1978). Summary letters, telephone calls, and other conventional communications of government, though not meeting the requirements for orders imposed by Section 120.59, are for practical purposes final if the affected party does not timely take advantage of a clear point of entry to APA proceedings. See Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810 (Fla. 1st DCA 1978), and cases cited therein. Because in this case APA proceedings have been requested and are in process by the agency, there is no cause to entertain further this appeal from the agency action represented by the Department's letters to Krestview.
We therefore do not now reach the merits of the Department's decision to reduce Krestview's per diem reimbursement rate. Review of that issue will come, if at all, upon the agency's rendition of a Section 120.59 order at the conclusion of Section 120.57 proceedings. We do, however, reconsider Krestview's objection to the conditional stay granted by the Department. On Krestview's motion, the Department stayed its decision to reduce Krestview's allotments pending formal administrative proceedings, conditioned on Krestview's posting of a surety bond in an amount sufficient to cover the net alleged overpayments from September 1, 1978 to November 1, 1979, the estimated date of rendition of the Section 120.59 order. In the circumstances of this case, the Department's requirement of a surety bond, assuring repayment of its disbursements now tentatively determined to be excessive, is a reasonable condition to a stay which operates to continue payments during the APA proceedings. The Department has a legitimate interest in protecting the public treasury from alleged overpayments to a service provider. While a surety bond is a reasonable condition of the stay, the amount of the bond, as set by the Department, is too high. The Department letter of February 16, 1979 was the first notice Krestview had of the tentative decision to reduce its per diem rates; accordingly, Krestview's exposure under the bond for alleged overpayments should be limited to funds advanced on or after February 16, 1979, rather than September 1, 1978, as ordered by the Department. The Department is directed to modify its conditional stay order by recalculating the surety bond requirement based on a beginning calculation date of February 16, 1979.
The court having now provided the only remedy appropriately required at this time, the appeal is DISMISSED.
MILLS, C.J., and ERVIN, J., concur.