NESBITT, Judge.
This is the second appearance of this case before this court. In the plenary appeal, a final judgment, which denied attorneys’ fees incurred by the developer/lessor in defense of an action brought by the individual condominium unit owners, was affirmed. Cohen v. Commodore Plaza at Century 21 Condominium Association, Inc., 368 So.2d 613 (Fla. 3d DCA 1979). That action was commenced in the United States District Court and sought to invalidate a ninety-nine year lease as violative of the Sherman Anti-Trust Act. Following affirmance of the judgment, the lessee/appellant herein filed a motion in the trial court to assess attorneys’ fees pursuant to a reservation of jurisdiction, contained in the final judgment in favor of the prevailing party.[1] The court entered an order granting appellee’s motion to strike appellant’s claim for attorneys’ fees and this interlocutory appeal ensued.
Appellant contends it is entitled to attorneys’ fees pursuant to Section 718.125, Florida Statutes (Supp.1978) which provides:
If a contract or lease between a condominium unit owner or association and a developer contains a provision allowing attorney’s fees to the developer, should any litigation arise under the provisions of the contract or lease, the court shall also allow reasonable attorney’s fees to the unit owner or association when the unit owner or' association prevails in any action by or against the unit owner or association with respect to the contract or lease.
The evident purpose of the statute is to place condominium unit owners or associations on parity with developer/lessors with respect to attorneys’ fees in the successful prosecution or defense of litigation. The statute which was adopted as part of Chapter 78-340, Laws of Florida also contains a section concerning the effective date of the foregoing statute, which section is, codified as Section 718.126, Florida Statutes (Supp. 1978):
The amendments to this chapter by Chapter 78-340, Laws of Florida, shall apply to all contracts in effect on the effective date of Chapter 78-340 and to all contracts entered into after the effective date of Chapter 78-340.
Chapter 78-340, Laws of Florida became effective June 19, 1978.
Appellant contends the trial court erred in failing to apply the statute. Its position is that a change in the law taking place after judgment has been entered, or appealed, must be applied in accordance with the law as changed. Florida East Coast Rail *309 way Company v. Rouse, 194 So.2d 260 (Fla.1966); and Ingerson v. State Farm Mutual Insurance Company, 272 So.2d 862 (Fla. 3d DCA 1973).
Appellee contends that the retrospective application of the statute constitutes an impairment of his substantive and antecedent contractual rights and is thus constitutionally impermissible.[2] We agree.
We initially consider the constitutional issue presented on authority of Palm Beach County v. Green, 179 So.2d 356 (Fla.1965) and American Home Assurance Company v. Keller Industries, Inc., 347 So.2d 767 (Fla. 3d DCA 1977).
The obligation of contract is impaired in the constitutional sense when the substantive rights of the parties thereunder are changed. Hardware Mutual Casualty Co. v. Carlton, 151 Fla. 238, 9 So.2d 359 (Fla.1942) or where new and different liabilities are imposed. Manning v. Travelers Insurance Company, 250 So.2d 872 (Fla.1971).
The ninety-nine year lease and contract between the respective parties was executed December 18, 1970 and was in effect on the effective date of Section 718.125. By the'adoption of Section 718.126, the Legislature intended a retrospective application of the statute.
In Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla.1975), the Supreme Court speaking through Justice England invalidated the retroactive application of-a statute which lengthened the time for giving notice of cancellation of a franchise stating:
To justify retroactive application it is not enough to show that this legislation is a valid exercise of the state’s police power because that power, however broad in other contexts, here collides with the constitutional ban on laws impairing contracts. Virtually no degree of contract impairment has been tolerated in this state.
In the present case, the statutory imposition of attorneys’ fees where none were bargained for materially changes the binding force of the agreement. The retrospective application of Section 718.125, Florida Statutes (Supp.1978) would impair the obligation of the existing ninety-nine year lease and contract between the parties and is therefore unconstitutional as applied to that instrument.
Accordingly, the order granting appel-lee’s motion to strike appellant’s claim for attorneys’ fees is affirmed.

. This aspect of the final judgment entered May 23, 1978 was apparently satisfactory to both the parties; to the lessor/developer because of his contract authorizing attorneys’ fees and indemnification; and to the lessee because of his sense of expectation of the Legislature adopting Ch. 78 340, Laws of Florida which was then pending before the Florida Legislature. This aspect of the judgment was not challenged in the plenary appeal and therefore did not establish the law of the case. State ex rel. Outrigger Club, Inc. v. Barkdull, 277 So.2d 15 (Fla.1973).

. U.S.Const. art. I, § 10; Art. I, § 10, Fla.Const.