397 So.2d 1199 (1981)
SHIP SHAPE and CNA Insurance Company, Appellants,
v.
Ellis K. TAYLOR, Appellee.
No. VV-390.
District Court of Appeal of Florida, First District.
May 7, 1981.
Rehearing Denied June 2, 1981.
*1200 Mark A. Olewinski and Edward H. Hurt of Hurt & Parrish, P.A., Orlando, for appellants.
Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
THOMPSON, Judge.
While we affirm the Deputy Commissioner's Order, we note that the successful claimant in this appeal filed a motion for attorney's fees which did not "state the grounds for which recovery is sought" Fla. R.App. P. 9.400(b). Therefore, we ordered supplemental legal memoranda on the entitlement to such attorney's fees. We have determined that in the present case, this court has no authority or jurisdiction to award attorney's fees to be paid by the employer/carrier.
The claimant's accident occurred after the effective date of the 1979 amendments to § 440.34, Fla. Stat. Prior to those amendments, the authority for appellate awards of attorney's fees was the following statutory language: "If any proceedings are had for review of any claim, award or compensation order before any court, the court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the court may direct." § 440.34(3), Fla. Stat. (Supp. 1978). This language was deleted entirely by the 1979 amendments to § 440.34, Fla. Stat.
Section 440.34(2), Fla. Stat. (1979), states that "[a] claimant shall be responsible for the payment of his own attorney's fees... ." There are three exceptions to this statutory pronouncement, see § 440.34(2)(a)-(c), Fla. Stat. (1979), and we recognize that if one of those exceptions is applicable at the trial (i.e., hearing) level, and the claimant prevails on such an exception at the appellate level, then this court would be authorized to award appellate attorney's fees. See § 59.46(1), Fla. Stat. (1979). However, we have determined, and the parties have agreed, that none of these conditions exist herein.
The claimant points out that § 440.34(5), Fla. Stat. (Supp. 1980), effective July 1, 1980, permits this court to assess appellate attorney's fees against an employer/carrier. Therefore, the claimant argues that since this statute was in effect during the time of the appellate disposition of this cause, this court may award attorney's fees herein. As support for his argument, the claimant cites Florida Glass & Mirror Co. v. Economy King Equipment Co., 353 So.2d 596 (Fla. 4th DCA 1977). However, that case is clearly not controlling.
In Florida Glass, the court first noted that § 713.29, Fla. Stat. (1975), authorized the award of attorney's fees to the prevailing party at the trial level. The court then *1201 observed that under § 59.46, Fla. Stat. (1977), "any provision of a statute ... providing for the payment of attorney's fees to the prevailing party ... shall be construed to include the payment of attorney's fees to the prevailing party... on appeal." Thus, the Florida Glass decision held that "Section 713.29 when construed in the light of Section 59.46 now permits recovery of attorney's fees by the prevailing party on appeal." 353 So.2d at 597. After so holding, the court parenthetically stated that since its determination of the appeal took place after the effective date of § 59.46, Fla. Stat., that statute was properly used to award appellate attorney's fees, because "[t]he law in effect at the time of appellate disposition is to be applied." 353 So.2d at 597.
Outside of the obvious factual dissimilarities between Florida Glass and the instant case, Florida Glass appears to be inconsistent with the decision in Tuggle v. Government Employees Ins. Co., 220 So.2d 355 (Fla. 1969), where the Florida Supreme Court examined a situation almost identical to the one in Florida Glass, yet reached an entirely different result. In Tuggle, the Supreme Court observed that a certain statute authorized the award of attorney's fees for services at the trial level. In 1967, the statute was amended to allow for attorney's fees for services at both the appellate and trial levels. In contrast to the decision in Florida Glass, where the court observed that the law in effect at the time of appellate disposition is controlling, the Florida Supreme Court stated that
[w]e do not agree with the contention of petitioners that, in awarding fees the trial court may include services in this case in either the District Court of Appeal or in this court. The 1967 amendment ... was not retroactive and there existed no statutory basis for [an] award of fees for services performed in appellate proceedings instituted prior to its effective date.

220 So.2d at 356 (emphasis supplied).
In light of the supreme court's decision in Tuggle, it is clear that at least as far as a statutory basis for an award of appellate attorney's fees is concerned, the critical initial inquiry is whether the appeal was instituted prior to the effective date of the statute  not whether the statute was in effect at the time of the appellate disposition of the cause. In the present case, the appeal was instituted prior to the effective date of § 440.34(5), Fla. Stat. (Supp. 1980), and therefore, that statute does not apply to this cause.
Even if this appeal had been instituted after the effective date of § 440.34(5), Fla. Stat. (Supp. 1980), the claimant would not be entitled to an award of appellate attorney's fees payable by the employer/carrier. Section 440.34(5), Fla. Stat. (Supp. 1980), would still be inapplicable because of considerations regarding the retroactive application of statutes that are enacted after the date whereby a cause of action accrues. Within the specific context of Workers' Compensation Law, the supreme court, in Sullivan v. Mayo, 121 So.2d 424, 429 (Fla. 1960), has observed that "[i]t is well established in Florida that the substantive rights of the respective parties under the Workmen's Compensation Law are fixed as of the time of the injury to the employee." (emphasis supplied) In the case at bar, the claimant's injury occurred in August, 1979, and at that time, there was no applicable statute which could have been used to award appellate attorney's fees, to be paid by the employer/carrier. While § 440.34(5), Fla. Stat. (Supp. 1980), now allows for such fees, this provision, which became effective after the claimant's injury, cannot be used herein. Where a statute affects substantive rights by substantially changing the liability of the employer/carrier from what it was when the injury occurred, such a statute may not be applied retroactively. See Sullivan, 121 So.2d at 428-29. This rule applies to statutes that substantially change the liability of the employer/carrier as to awards of attorney's fees, see Duff Hotel Co. v. Ficara, 9 So.2d 360 (Fla. 1942); Hardware Mut. Cas. Co. v. Carlton, 151 Fla. 238, 9 So.2d 359 (Fla. 1942); and § 440.34(5), Fla. Stat. (Supp. 1980), is such a statute. This conclusion is fully *1202 supported by the supreme court's decision in Carlton.
In Carlton, the claimant had requested appellate attorney's fees to be paid by the carrier. At the time of the claimant's injury, Ch. 17481, § 34, 1935 Fla.Laws 1481-82, did not allow for the assessment of attorney's fees against the employer/carrier. While the claimant's case was pending, the legislature enacted ch. 20672, § 11, 1941 Fla.Laws 1713,[*] which allowed a reviewing court to assess attorney's fees against an employer/carrier. The Florida Supreme Court pointed out that the substantive rights of the parties were governed by the law in effect at the time of the claimant's injury, and thus, the claimant's request for attorney's fees was denied. 9 So.2d at 359-60.
Here, just as in Carlton, at the time of the claimant's injury, there was no basis for an award of attorney's fees against the employer/carrier. While this situation has been changed with the addition of § 440.34(5), Fla. Stat. (Supp. 1980), this statute, just as in the 1941 statute in Carlton, "substantially changed the liability of the employer and the insurance carrier from what it was when the injury occurred." 9 So.2d at 359. Therefore, this court could not retroactively apply § 440.34(5) (Supp. 1980) to cases where the injuries occurred before the statute's effective date.
The claimant in this case is not entitled to an award of attorney's fees to be paid by the employer/carrier. However, we point out that our decision is without prejudice to the claimant's attorneys' right to a fee, to be paid by the claimant, for services rendered on appeal, after the Deputy Commissioner has approved the reasonableness of the fee. See § 440.34(1) and (2), Fla. Stat. (1979).
SHIVERS and SHAW, JJ., concur.
NOTES
[*] This law, which was codified at § 440.34, Fla. Stat. (1941), provided in part that "[i]f any proceedings are had for review of any claim, award or compensation order before any Court, the Court may allow or increase the attorney's fees, in its discretion, which fees shall be in addition to the compensation paid the claimant, and shall be paid as the Court may direct." This language is virtually identical to § 440.34(5), Fla. Stat. (Supp. 1980).