PER CURIAM.
In this worker’s compensation case the claimants appeal a deputy commissioner’s order finding that the carrier did not act in bad faith in handling the claim under Section 440.34(2)(b), Florida Statutes (1979). As a result the claimants were responsible for their own attorney’s fee.
Under this court’s decision in Florida Erection Services Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981), a deputy’s findings with regard to bad faith will not be disturbed absent a clear abuse of discretion or departure from the essential requirements of the law. In this case, however, the order appealed contains express findings which lead us to believe that the deputy might have come to a different conclusion regarding bad faith in handling the claim given the benefit of McDonald, which *377 was released after the order in this case was rendered. Specifically the deputy found as follows:
that compensation benefits of $130.83 per week were due and owing to the dependent widow fifteen days after the carrier had notice and knowledge of the injury on March 3, 1980; and that by the clear, precise and unambiguous language of the statute penalties were due and owing to the dependent widow at the same time as, but in addition to, increased compensation benefits of $9.69 per week paid to the claimant on July 8, 1980. I find that the carrier knew such penalties were due and owing and offered no legal excuse or justification for failure to pay statutory penalties at the same time as, and in addition to, the late payment of compensation benefits.

I find that compensation benefits due and owing the dependent widow were not paid until July 8,1980, approximately two and a half months after her claim for determination of her proper compensation rate was filed with the Division in Tallahassee, Florida, on April 23, 1980, causing her to suffer the economic loss of revenue due and owing to her for a period of four months.... (e.s.)
Because the deputy did not have the benefit of this court’s decision in McDonald when the order was entered and because of certain findings in the order which seem to contradict the finding that there was no bad faith in handling the claim, we reverse and remand for reconsideration in light of McDonald.
Because of this unique situation and the absence of any statutory authority for an award of appellate attorney’s fees except potentially Section 440.34(2)(b) together with Section 59.46, Florida Statutes, see Ship Shape v. Taylor, 397 So.2d 1199 (Fla. 1st DCA 1981), we withhold acting on the motion for an appellate fee pending the deputy’s ruling after reconsideration of the matter. Should the deputy rule in the claimant’s favor, claimant’s attorney may petition this court to act on the motion.
Reversed and remanded.
ROBERT P. SMITH, Jr., and MILLS and SHIVERS, JJ., concur.