472 So.2d 756 (1985)
UNIVERSITY COMMUNITY HOSPITAL, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Tampa General Hospital, Appellee.
No. 84-965.
District Court of Appeal of Florida, Second District.
May 22, 1985.
Alan C. Sundberg and Cynthia S. Tunnicliff of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tallahassee, for appellant.
John Carlson and James M. Barclay, Department of Health and Rehabilitative Services, Tallahassee, for appellee Department of Health and Rehabilitative Services.
Julian C. Clarkson and John Radey of Holland & Knight, Tallahassee, for appellee Tampa General Hosp.
FRANK, Judge.
The University Community Hospital (UCH) has sought our review of a final order entered by the Department of Health and Rehabilitative Services (HRS) denying it a Certificate of Need (CON) essential to the creation and implementation at UCH of cardiac catheterization laboratories and an open heart surgery program.
UCH is a 404 bed hospital located in Tampa, Florida. It applied to HRS for a CON pursuant to section 381.494, Florida Statutes, and Rule 10-5, Florida Administrative Code. HRS denied the CON and UCH requested that a formal hearing be conducted in accordance with section 120.57(3), Florida Statutes. Thereafter, the matter was assigned to a hearing officer appointed by the Division of Administrative Hearings. At this point, Tampa General Hospital, which holds a CON permitting it to provide cardiac catheterization and open heart surgery services within the same health service area that UCH wishes to serve, was permitted to intervene. Following the conclusion of the hearing, the hearing officer entered an order recommending to HRS that UCH's application for a CON *757 be granted. The element found significant by the hearing officer, and indeed characterized by her as "pivotal," was the effect upon the present proceeding of the fact that HRS had given its tentative approval to a CON allowing the Tampa Heart Institute (THI), an entity within the same health service area, to operate three catheterization laboratories and one open heart surgery program. We, too, consider that question "pivotal" in the resolution of this matter.
Prior to the commencement of the administrative hearing held in the present proceeding, THI had applied to and received from HRS the approval of a CON allowing it to perform cardiac catheterizations and open heart surgery in Tampa. Although HRS had initially denied a CON to THI, that determination was reconsidered and reversed based upon HRS's administrative finding that THI would serve patients from Latin America, not the general populace within the pertinent service area. Thus, THI was empowered to develop three catheterization laboratories and to initiate an open heart surgery program. In response to the approval granted THI, however, Tampa General Hospital (TGH) and St. Joseph's, two other hospitals geographically within THI's service area, petitioned HRS for a hearing under section 120.57 as parties whose substantial interests would be affected by a CON awarded to THI. The hearing in that matter had not begun at the time UCH's petition was being heard by the hearing officer, and hence had not been resolved by final agency action. For that reason, the hearing officer concluded that the THI CON had not been "approved," as that term is used in HRS Rules 10-5.11(15) and 10-5.11(16), and therefore THI did not offer any impediment to conferring a CON upon UCH. HRS disagreed with the hearing officer and rejected her recommended order, stating that it was "error" to exclude and not consider the initially "approved" but subsequently challenged CON given to THI.
We are mindful of the statutory mandate to be observed in a case such as this. We are to affirm final agency action "unless the decision is found to be arbitrary, capricious, or not in compliance with [the Administrative Procedure Act]." § 381.494(8)(e), Fla.Stat; Collier Medical Center, Inc. v. State, Department of Health and Rehabilitative Services, etc., 462 So.2d 83 (Fla. 1st DCA 1985). Heeding that command, we reverse on the narrow basis of the unique factual situation giving rise to the crucial issue in this case.
UCH contended at the hearing stage and before us that HRS's grant of a CON to THI should not be considered in calculating the need for additional cardiac facilities in the relevant service area because THI's certificate had not been "approved" at the time of the UCH hearing. The thrust of UCH's argument is that THI will not have received approval for the proposed cardiac facilities and programs until the entry of an order following the section 120.57 proceedings initiated by TGH and St. Joseph's; until that moment, no final agency action has occurred. See Florida Department of Transportation v. J.W.C. Co., 396 So.2d 778 (Fla. 1st DCA 1981); Krestview Nursing Home v. Department of Health and Rehabilitative Services, 381 So.2d 240 (Fla. 1st DCA 1979). HRS and TGH attempt to undercut the essentiality of final agency action as an antecedent to approval of a CON by pointing out that the authorities relied upon by UCH merely stand for non-dispositive propositions, i.e. that the purpose of section 120.57 hearings is to formulate, not review, agency action, McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), and that judicial review is unavailable until the agency action becomes final after a 120.57 hearing. Hence, so the argument goes, general principles associated with Chapter 120, Florida Statutes, have little value in the practical considerations facing HRS in the CON application process. HRS and TGH assert that the only practical and rational approach in a setting such as this is for HRS to consider projects it has "approved," albeit tentatively, as within Chapter 120, Florida Statutes, notwithstanding *758 the lack of final agency action. The resolution of this question, apparently one of first impression, is not essential to our determination of this matter given the peculiar factual context in which it arises. No one disputes that THI was granted a CON after it demonstrated the existence of "special circumstances" arising from the fact that its facility was intended to serve a substantial number of persons from Latin America. Because the calculation of need, normally based upon the population figures in the HRS service district, was uniquely not required, THI's CON was approved. HRS obviously concluded that the THI project did not fit within methodologies based on local demand and need. In like manner, the hearing officer recognized the special circumstances underlying the THI CON and therefore did not include THI within her assessment when applying the locally generated, demand-based need methodologies to UCH's petition. This approach, however, was given short shrift by HRS in a terse order overturning the hearing officer's recommendation for failure to consider THI as an "approved" facility. Just as TGH and HRS assert there exists no authority for HRS to go behind each "approved" certificate each time need is assessed, neither has either party offered any authority to persuade us that HRS is compelled to ignore facts within its knowledge associated with other CONs deemed relevant to a pending CON request. Failure to do so in a case such as this renders HRS's action arbitrary and capricious. Persons and entities affected by administrative proceedings must be able to rely on precedents born of consistent application of policy to facts. See Amos v. Department of Health and Rehabilitative Services, 444 So.2d 43 (Fla. 1st DCA 1983), North Miami General Hospital, Inc. v. Office of Community Medical Facilities, Department of Health and Rehabilitative Services, 355 So.2d 1272 (Fla. 1st DCA 1978). If a CON applicant's "special circumstances," removing it as a competitor for patients within a particular service area, are sufficiently effective to justify the award of a CON, it is patently whimsical to incorporate that facility as a factor in negating the need sought to be served by another applicant in the same service district. The hallmark of evenhanded administrative regulation  the rational exercise of power leading to a consistent result  is not present in the matter at hand.
Our review discloses sufficient evidence before the hearing officer to sustain the conclusion that approval of the THI CON application was based on the aforementioned special circumstances. Similarly, we find substantial competent evidence in the record to support the award of a CON to UCH.
Reversed and remanded for disposition consistent with this opinion.
RYDER, C.J., and OTT, J., concur.