ON MOTION FOR THE AWARD OF ATTORNEY’S FEE
FRANK, Judge.
In our opinion in this matter, we reversed the final agency action in which the Department of Health and Rehabilitative Services (HRS) denied the University Community Hospital (UCH) a certificate of need sought by it in connection with the creation and operation of cardiac catheterization laboratories and an open heart surgery program. University Community Hospital v. Dept. of Health and Rehabilitative Services and Tampa General Hospital, 472 So.2d 756 (1985). Pending before us at that time was a motion filed by UCH requesting that its attorney’s fees and costs be recovered from HRS.
In an order entered in this matter on May 30, 1985, after the publication of our opinion, HRS was directed to respond to UCH’s motion grounded upon its claimed status as an “aggrieved prevailing party” within the meaning of section 120.-57(l)(b)(9), Florida Statutes, as it existed prior to October 1, 1984. HRS asserts that UCH’s motion is governed by section 120.-57(1)(b)(9) in its present form which permits the award of attorney’s fees to “the prevailing party if the court finds ... that the agency action which precipitated the appeal was a gross abuse of the agency’s discretion.” The May 30 order further required UCH to furnish the court with documentation supporting its motion and HRS was accorded an opportunity to respond to such documentation. UCH has complied with the May 30 order. It has tendered the affidavit of its attorney, Alan C. Sundberg, which in substantial part is composed of a recapitulation of the services performed and the time expended on behalf of UCH. UCH has also supported its fee claim with the affidavits of two members of the Florida Bar who state they have had experience in administrative and judicial proceedings involving certificates of need. HRS has not, however, responded to the data offered by UCH in support of its motion.
In contending that the instant fee issue is to be determined under section 120.-57(1)(b)(9) as it existed before October 1, 1984, UCH refers us to Ship Shape v. Taylor, 397 So.2d 1199, 1201 (Fla. 1st DCA 1981); Porteous v. Fowler, 394 So.2d 154 (Fla. 4th DCA 1981); Love v. Jacobson, 390 So.2d 782 (Fla. 3d DCA 1980); Tuggle v. Government Employees Insurance Company, 220 So.2d 355 (Fla.1969). HRS, on the other hand, urges that the claim is *1340 controlled by the statute in its current or amended form and it relies upon Florida Glass and Mirror Company of Orlando, Inc. v. Economy Equipment Company, 353 So.2d 596 (4th DCA 1977), for the principle that the statute in effect at the time of the appellate court’s disposition of the matter is to be followed. Because of the result expressed in this opinion, we need not pass upon the question of when the current statute became applicable. The conclusion we have reached, a fortiori, encompasses an entitlement to fees under the former statute. HRS has not expressed a position with respect to the question of whether its decisional behavior terminating in our review and reversal of its order equates with “a gross abuse of [that] agency’s discretion.” Consistent with our initial opinion in which we noted that not only did HRS act arbitrarily, whimsically and capriciously in denying a certificate of need to UCH, but also that its final action was not a “rational exercise of power”, we conclude that HRS abused its discretion to a degree justifying an award of attorney’s fees under the higher standard set forth in section 120.57(l)(b)(9)’s amended form.
In applying that standard we are not unmindful that the Legislature by refashioning section 120.57(l)(b)(9) to gear an award of attorney’s fees and costs to a “gross” abuse of agency discretion must have intended insulating administrative agencies from exposure to that kind of sanction in the circumstance where the abuse does not reach a magnitude measured by the term “gross.” The statute imposes upon the judiciary the responsibility to amplify, if warranted, the seemingly “all or none” quality of “an abuse” to a glaringly obvious level of severe impropriety as a condition to determining entitlement to fees and costs. Without restating the events underlying our decision that HRS acted improperly, we conclude that its refusal to issue a certificate of need to UCH was a gross abuse of its discretionary power.
Thus, based upon the foregoing, we direct HRS to petition or request the Division of Administrative Hearings in accordance with sections 120.57(l)(b)(3) and 120.65, Florida Statutes, for the assignment, with due regard to the expertise required by this matter, of a hearing officer who shall conduct an evidentiary hearing pursuant to section 120.57, Florida Statutes, to take testimony from the parties with respect to the amount of a reasonable attorney’s fee and the costs which UCH is entitled to recover from HRS. Upon the conclusion of the hearing, the hearing officer shall transmit to this court the complete record developed at such hearing together with findings and a recommendation or report.
RYDER, C.J., and OTT, J., concur.