FRANK, Acting Chief Judge.
University Medical Park of Tampa has appealed from a final order of the Department of Health and Rehabilitative Services (HRS) denying its application for a certificate of need to construct and operate a 130-bed acute care hospital providing obstetrical and gynecological services.
We have considered each of the appellant’s points on appeal and have examined the voluminous record. We have concluded that the certificate of need was not improperly denied. HRS’ factual findings are supported by competent substantial evidence and this court is powerless to substitute its judgment for that of the agency. We are compelled to defer to the agency’s findings of fact even in the circumstance where our assessment of the evidence would persuade us to a different conclusion. §§ 120.68(10) and 381.494(8)(e), Fla. Stat. (1985). We note in particular that HRS considered the competitive effect of the proposed hospital upon existing institutions providing obstetrical and gynecological services. The factual findings as to that issue are supported by competent substantial evidence.
Moreover, HRS did not improperly limit discovery or exclude relevant evidence. HRS evaluated the record before it consistent with the criteria governing its review of the hearing officer’s recommended order.
Section 381.494(8)(e), Florida Statutes (1985), imposes rigid strictures upon our review powers; it directs that we affirm final agency action unless we find the agency’s decision to be arbitrary, capricious, or not in compliance with Chapter 381. See University Community Hospital v. Department of Health and Rehabilitative Services, 472 So.2d 756, 757 (Fla. 2d DCA 1985). Based upon the record before us, we cannot find any impermissible conduct on the part of HRS.
Mindful of our role in matters of this kind, we affirm the final order of the Department of Health and Rehabilitative Services.
HALL and SANDERLIN, JJ., concur.