BARFIELD, Judge.
The claimant appeals a workers’ compensation order denying a claim for recalculation of wage loss benefits. He contends that neither the 1990 amendment nor the 1991 amendment to chapter 440, Florida Statutes, may constitutionally be applied to this accident. We affirm the order of the judge of compensation claims, but certify the issue presented to the Florida Supreme Court as a question of great public importance.
The facts are not in dispute, only the application of section 440.15(3)(b), Florida Statutes, as amended on July 1, 1990. The claimant was injured on July 5, 1990, and reached maximum medical improvement (MMI) on November 21, 1990, with a permanent impairment, the degree of which is irrelevant to this appeal. He has performed an unsuccessful work search, the adequacy of which is not challenged by the carrier. The average weekly wage (AWW) is $444.38 and the compensation rate (CR) is $296.40 (66⅜% of the AWW).
The problem arises from the fact that the carrier calculated the wage loss benefits at $284.40, using the recently amended section 440.15(3)(b) which changed the formula, from 95% of the difference between 85% of the AWW and any post-MMI earnings, to 80% of the difference between 80% of the AWW and post-MMI earnings. The judge of compensation claims noted that both versions of the statute limit wage loss payments to 66⅜% of the AWW, and that: “The old 95/85 formula, when applied to zero earnings, always resulted in an amount higher than 66⅜ of the Average Weekly Wage, hence the automatic payout of the full compensation rate. Not so on the 80/80 formula.”
At the hearing on the claim, the claimant’s attorney questioned the logic of cutting benefits for a claimant who is performing a good faith but unsuccessful work search, when the only change is that MMI has been reached. The carrier argued that the amendment is intended to motivate claimants to return to gainful employment as soon after MMI as possible, and to reduce the costs of compensation benefits for carriers and employers.
The judge approved application of the amended statute, stating that “it is not within my authority or jurisdiction to comment on the appropriateness of the legislature’s motives, the merits of the laws, or the fairness of those laws as applied to individual claimants” and that since the statute does not create ah alternative mechanism in cases where earnings were zero, “I cannot create one, no matter what my intentions may be in doing so.”
In Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991), the supreme court affirmed a December 1990 trial court ruling that chapter 90-201, Laws of Florida, was unconstitutional because it violated the single subject rule by addressing both workers’ compensation and international trade. The supreme court noted that after the trial court’s judgment was rendered, the legislature had held a special session in January 1991, had separated the workers’ compensation and international trade provisions into two distinct bills, and had reenacted both (chapters 91-1 and 91-5, Laws of Florida), expressly providing that “these two acts would be applied retroactively to July 1, 1990, the original effective date of chapter 90-201.” Id. at 1172. The court noted the unusual procedural posture of this case, acknowledged “the legislature’s perception of the substantial impact on the entire workers’ compensation system if we were to hold chapter 90-201 void ab initio,” and explained that it was not ruling on the 1991 act, which was not before it. It then held:
*1290 Considering all of these factors, we conclude that we can, and should, hold that the effective date of voiding chapter 90-201 is the date of the filing of this opinion. Our decision shall operate prospectively only.
Id. at 1176. The opinion was issued on June 6, 1991.
Were it not for the above-quoted language in Martinez v. Scanlan, we would find that the law which applies to this case is the 1989 version of section 440.15(3)(b). The supreme court has long stated that the substantive rights of the parties are fixed as of the time of injury “because the acceptance of the provisions of the Workmen’s Compensation Law by the employer, the employee, and the insurance carrier constitutes a contract between the parties which embraces the provisions of the law as of the time of injury.” Sullivan v. Mayo, 121 So.2d 424, 428 (Fla.1960) (emphasis added). The 1990 amendment in effect at the time of the accident was unquestionably unconstitutional. The 1991 amendment was enacted only after the accident occurred, and we would rule the retroactivity provision of the 1991 amendment unconstitutional as violating the constitutional provision against impairment of contracts. Art. I, § 10, Fla. Const. See Hardware Mutual Casualty Co. v. Carlton, 151 Fla. 238, 9 So.2d 359 (1942). See also, L. Ross Inc. v. R.W. Roberts Constr. Co., Inc., 466 So.2d 1096 (Fla. 5th DCA 1985), approved, 481 So.2d 484 (Fla.1986).[1]
In principle, we find ourselves in agreement with the dissent in Martinez v. Scanlan:
... When a court declares a statute facially unconstitutional, it means, in plain English, that the enactment has been null and void from the outset. It is a declaration that the legislature acts outside its power when it contravenes the constitutional dictates.
Having decided that the legislative enactment is a facially unconstitutional violation of the single-subject rule, the Court has no power to breathe constitutional life into it for the period between its enactment and the Court’s declaration of facial invalidity. How can a court require compliance with an act it says the legislature had no authority to enact? Logically, it cannot, judicial fiat notwithstanding. ...
582 So.2d at 1176.
Were it possible, we would construe the majority’s opinion in Martinez v. Scanlan as holding chapter 90-201 unconstitutional and void ab initio,[2] but ruling that any cases which had arisen during the period between its effective date and the date of the opinion, and which had been finally resolved during that period without raising the issue of the act’s constitutionality, could not be relitigated. However, the language of the majority and dissenting opinions seems to negate this construction of the majority’s holding, which we are constrained to follow.
Therefore, we find that the applicable law in effect at the time of the accident in this case was 440.15(3)(b), Florida Statutes, as amended by chapter 90-201, Laws of Florida, and we AFFIRM the order.
*1291 However, we certify the following to the Florida Supreme Court, as questions of great public importance:
Whether chapter 90-201, Laws of Florida, would apply to a workers’ compensation case in which the accident occurred after the effective date of chapter 90-201 and before the act was declared unconstitutional in Martinez v. Scanlan, and which had not been finally adjudicated during that period?
If chapter 90-201, Laws of Florida, would not apply in such a case, whether chapter 91-1, Laws of Florida, would apply (i.e., whether the retroactivity provision of that act is constitutional)?
BOOTH and SMITH, JJ., concur.

. We find Coon v. Board of Public Instruction, 203 So.2d 497 (Fla.1967), which was cited by the carrier and by the Martinez v. Scanlan majority as authorization of the legislature to retroactively apply curative measures, not to be on point. There, procedural defects adversely affected a bond issue. While the litigation was pending, the legislature enacted a curative statute changing the procedural requirements. The supreme court then affirmed the bond validation, noting:
The defects which initially afflicted the proposed bond issue were merely procedural. The Legislature could have dispensed with those procedural requirements in their entirety. By a curative statute the Legislature has the power to ratify, validate and confirm any act or proceeding which it could have authorized in the first place.
203 So.2d at 498.

. See American Trucking Ass’ns, Inc. v. Smith, 496 U.S. 167, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990) (Scalia, J., concurring in the judgment). See also, Loxahatchee River Environmental Control District v. School Board of Palm Beach County, 515 So.2d 217 (Fla.1987); Thompson v. Intercounty Tel. & Tel. Co., 62 So.2d 16 (Fla.1952) (a law passed in violation of the requirements of article III, section 6, is invalid until it is reenacted for codification into the Florida Statutes).