940 So.2d 442 (2006)
INDUSTRIAL BLOWPIPE and Lumberman's Mutual Casualty Company, Appellants,
v.
William T. CAPPS, Respondent.
No. 1D04-5678.
District Court of Appeal of Florida, First District.
March 29, 2006.
Rehearing Denied November 1, 2006.
William H. Rogner of Hurley, Rogner, Miller, Cox, Waranch & Westcott, P.A., Winter Park, for Appellants.
*443 Neal L. Betancourt and George D. Rotchford of Rotchford & Betancourt, P.A., Jacksonville, for Appellee.
PER CURIAM.
In this workers' compensation appeal, Industrial Blowpipe, Inc., and Lumberman's Mutual Casualty Company (the employer and the carrier, respectively) appeal orders of the Judge of Compensation Claims (JCC) denying a motion to disqualify Judge Wilbur Anderson and awarding attendant care benefits to claimant and appellee William T. Capps. Claimant cross-appeals challenging the rate of compensation paid for the attendant care benefits. We affirm without further comment the disqualification issue, and the issue raised on cross-appeal. As to the award of attendant care benefits, for the reasons explained below we affirm, in part, and reverse, in part, and remand for further proceedings.
In February 1985, claimant was working on the roof of a two-story building in a lumbermill when the building caught fire. He was forced to jump from the building sustaining serious injuries, including third degree burns and multiple severe fractures to his legs and vertebrae. The accident was accepted as compensable, and the employer/carrier has provided multiple medical benefits, including numerous surgeries.
The issue before us is whether competent substantial evidence in the record supports the award of attendant care benefits for compensable care performed by the claimant's spouse. See generally, Frederick v. United Airlines, 688 So.2d 412 (Fla. 1st DCA 1997). Not all attendant care services are compensable. As we explained in AT & T Wireless Servs., Inc. v. Castro, 896 So.2d 828, 831 (Fla. 1st DCA 2005) (quoting Socolow v. Flanigans Enters., 877 So.2d 742, 744 (Fla. 1st DCA 2004)) (citations omitted):
"Generally, attendant care considered medically necessary includes only bathing, dressing, administering medication, and assisting with sanitary functions." On the other hand, "housekeeping, transportation other than to a doctor, and other normal household duties that reflect on quality of life rather than medical necessity are generally considered gratuitous and not compensable." Household services may, in limited circumstances, be compensable if the caretaker (family member or not) substantially departs from his or her daily routine to provide care, or if the claimant is completely prevented from doing such activities on his or her own.
We find that competent substantial evidence in the record supports the JCC's award of active and passive attendant care benefits from the date of claimant's discharge from the hospital on April 2, 1985 to March 17, 1992, the date he was placed on maximum medical improvement (MMI). The testimony of both the claimant's primary treating physician and a registered nurse experienced in evaluating attendant care needs support claimant's need for the awarded attendant care benefits prior to reaching MMI. The JCC found, and the record supports, that up to the MMI date the claimant's spouse was required to provide a wide range of attendant care for which she had been trained by claimant's treating physician and nurses, including administering medication, debriding claimant's wounds, changing his dressings, assisting claimant when his right leg fracture remained unhealed until its amputation in 1991, applying a bone stimulator, and addressing chronic infections.
The JCC also awarded attendant care benefits after the MMI date in part because claimant removed his prosthesis at night and claimant's spouse was on-call *444 and available at night to evacuate claimant from their house in the event of an emergency. Certainly, we have recognized that, where the claimant is unable to respond to life-threatening situations relating to the injury, claimant may be entitled to 24-hour attendant care. Collura v. Multi Line Can Co., 598 So.2d 1072, 1073-74 (Fla. 1st DCA 1992) (affirming award of twenty-four hour care where claimant unable to respond to life-threatening situations requiring emergency maintenance of tracheotomy tube). Here, however, the potential emergency for which the JCC awarded attendant care was not related to the claimant's injuries, but was related to the possible need to evacuate the claimant's home in the event of an emergency such as a fire. Such stand-by care is not compensable. See Castro, 896 So.2d at 831.
Accordingly, we reverse that portion of the post-MMI attendant care benefits that relate solely to stand-by care at night for the purpose of responding to an emergency requiring the evacuation of the home. We remand for the JCC to determine the portion of the attendant care award which related to such stand-by care. We affirm the order on appeal in all other respects.
AFFIRMED, in part, and REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.
VAN NORTWICK, HAWKES and THOMAS, JJ., concur.