WEBSTER, J.
 

 In this workers’ compensation case, claimant seeks review of an order rejecting an attorney’s fee stipulation entered into between claimant and his lawyer. Claimant contends that the judge of compensation claims committed reversible error in concluding that (1) he lacked jurisdiction to consider the stipulation; and (2) the stipulation was unreasonable. We agree with claimant’s first contention. However, we affirm because the conclusion that the stipulation was unreasonable is supported by competent, substantial evidence.
 

 In February 1985, claimant was working on the employer’s roof when the roof caught fire. After having been severely burned, claimant jumped from the roof, sustaining multiple fractures to his lower extremities and vertebrae. The employer and carrier accepted the accident as com-
 
 *468
 
 pensable and provided medical treatment, including numerous surgeries.
 

 In addition to medical treatment, claimant requested benefits for care provided by his spouse. After two hearings on the matter, the judge of compensation claims awarded claimant $558,828.64 in attendant care benefits. That order was appealed by the employer and carrier and cross-appealed by claimant.
 
 See Indus. Blowpipe v. Capps,
 
 940 So.2d 442 (Fla. 1st DCA 2006). We affirmed the issue raised in claimant’s cross-appeal without comment, but affirmed in part, reversed in part, and remanded as to the attendant care award.
 
 Id.
 
 Claimant filed a motion for appellate attorney’s fees and costs pursuant to section 440.34(3)(a) and (5), Florida Statutes (1983). We denied that motion.
 

 On remand, the parties agreed the employer and carrier would pay a total of $491,762.39 in attendant care benefits owed to claimant. The judge of compensation claims ordered the employer and carrier to pay claimant’s lawyer $187,515.00 in attorney’s fees for securing those attendant care benefits.
 

 Subsequently, claimant and his lawyer sought approval of a “Stipulation on Employee-Paid Attorney’s Fees and Costs.” The stipulation provided that claimant would pay his lawyer $62,749.27 in appellate attorney’s fees, for 278.89 hours of appellate work at $225 per hour, and that this fee was reasonable because the lawyer had preserved $381,659.04 in benefits.
 

 Concluding that he lacked jurisdiction to approve it because this court had not relinquished jurisdiction after denying claimant’s motion for appellate attorney’s fees to be paid by the employer and carrier, and that section 440.34(5), Florida Statutes, granted authority to approve only an employer/carrier-paid appellate attorney’s fee, not an appellate attorney’s fee paid by a claimant, the judge of compensation claims denied the request. He also concluded, in the alternative, that the stipulated attorney’s fee was unreasonable because claimant’s lawyer had already been compensated for securing the attendant care benefits.
 

 We review
 
 de novo
 
 the determination that the judge of compensation claims lacked subject matter jurisdiction.
 
 See Jacobsen v. Ross Stores,
 
 882 So.2d 431, 432 (Fla. 1st DCA 2004). Unlike a court of general jurisdiction, a judge of compensation claims does not possess inherent judicial power.
 
 See Pace v. Miami-Dade County Sch. Bd.,
 
 868 So.2d 1286, 1287 (Fla. 1st DCA 2004). Such a judge possesses only the authority expressly set out in chapter 440, Florida Statutes.
 
 Id.
 
 Section 440.33(1), Florida Statutes, provides that a judge of compensation claims may “do all things conformable to law which may be necessary to enable the judge effectively to discharge the duties of her or his office.”
 

 It is well-settled that the law in effect on the date of the accident controls an attorney’s fee award in a workers’ compensation matter.
 
 See Ship Shape v. Taylor,
 
 397 So.2d 1199 (Fla. 1st DCA 1981). Section 440.34, Florida Statutes (1983), provides in relevant part:
 

 (1) No fee, gratuity, or other consideration shall be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the deputy commissioner or court having jurisdiction over such proceedings.
 

 [[Image here]]
 

 (2) In awarding a reasonable attorney’s fee, the deputy commissioner shall consider only those benefits to the claimant that the attorney is responsible for securing.
 

 (3) .... A claimant shall be responsible for the payment of his own attorney’s fees, except that a claimant shall
 
 *469
 
 be entitled to recover a reasonable attorney’s fee from a carrier or employer: [in certain circumstances].
 

 [[Image here]]
 

 (5) If any proceedings are had for review of any claim ... before any court, the court may award the injured employee or dependent an attorney’s fee to be paid by the employer or carrier, in its discretion, which shall be paid as the court may direct.
 

 Appellate attorney’s fees paid by an employer or carrier to a claimant are governed by section 440.34(5). By contrast, a stipulated fee paid by a claimant, regardless of whether the fee is for services rendered at the trial level or on appeal, is governed by subsections (1) and (2) of section 440.34. “[T]he statute clearly expresses a preference for a claimant’s responsibility for payment of his or her own attorney fees, except under the narrow circumstances specified.”
 
 Wells Fargo Armored Servs. v. Lee,
 
 692 So.2d 284, 286 (Fla. 1st DCA 1997),
 
 approved,
 
 707 So.2d 700 (Fla.1998). Consequently, although this court denied claimant’s motion for an appellate attorney’s fee to be paid pursuant to subsection (5) by the employer and carrier, that denial does not bar a separate attorney’s fee agreement pursuant to subsection (1).
 
 See Ship Shape,
 
 397 So.2d at 1202 (denying claimant’s request for an appellate attorney’s fee to be paid by the employer and carrier, but noting that the decision was without prejudice regarding a claimant-paid appellate attorney’s fee, if approved as reasonable). Accordingly, we hold that the judge of compensation claims erroneously concluded that he lacked jurisdiction to consider the stipulation.
 

 Pursuant to the plain language of the statute, such fees must be based on benefits secured, and may not be paid unless approved as reasonable by the judge of compensation claims.
 
 See
 
 § 440.34(1), (2), Fla. Stat. (1983);
 
 Taylor,
 
 397 So.2d at 1202. Here, the judge concluded that the attorney’s fees agreed to by claimant and his lawyer were unreasonable because the lawyer had already been compensated for the benefits secured.
 

 The record reveals that claimant’s lawyer initially obtained an order awarding $558,828.64 in benefits to claimant, withstood a challenge on appeal as to $381,659.04 of those benefits and, through post-appeal negotiations, obtained an additional $110,103.35, for a total of $491,762.39 in benefits. The first order on attorney’s fees of the judge of compensation claims awarded claimant’s lawyer $187,515.00, based on the final settlement amount of $491,762.39. Therefore, competent, substantial evidence supports the conclusion that the stipulation was unreasonable because claimant’s lawyer had already been fully compensated for all benefits actually secured for claimant.
 
 See
 
 § 440.34(2), Fla. Stat. (1983). Consequently, the JCC’s order is affirmed.
 

 AFFIRMED.
 

 BARFIELD and PADOVANO, JJ., concur.