72 So.2d 48 (1954)
STATE
v.
CITY OF CORAL GABLES.
Supreme Court of Florida. Division B.
April 23, 1954.
George A. Brautigam, Miami, for appellant.
Edward L. Semple, Miami, for appellee.
TERRELL, Acting Chief Justice.
This appeal is from a final decree of the Circuit Court of Dade County validating Storm Sewer Bonds issued by the City of Coral Gables aggregating $500,000, payable annually in designated amounts, bearing *49 interest at five percent per annum. For payment of principal and interest on said bonds the City of Coral Gables pledges its portion of anticipated cigarette taxes collected and distributed to it as provided by Chapter 210, F.S.A. See Ordinance 823 of the City authorizing the issue of said bonds and pledging its portion of said taxes or so much thereof as may be necessary for servicing said bonds. There is no question about the power of the City to make the proposed improvement.
It is first contended that the City of Coral Gables is not authorized to pledge any portion of the proceeds of its cigarette taxes for payment of storm sewer bonds without an approving vote of the freeholders as required by Section 6, Article IX of the State Constitution, F.S.A.
This court has repeatedly held that the cigarette tax imposed by Chapter 210 F.S.A. is an excise tax and may be used or appropriated by municipalities as the legislature directs without an approving vote of the freeholders as required by Section 6, Article IX of the Constitution. State v. City of Jacksonville, Fla., 53 So.2d 306; State v. City of Homestead, Fla., 59 So.2d 742; State v. City of Pensacola, Fla., 40 So.2d 569; Zinnen v. City of Fort Lauderdale, 159 Fla. 498, 32 So.2d 162, and others. This case is ruled by these cases and others.
Questions one and two challenge the power of the City of Coral Gables to contract for the levy, collection and distribution of the cigarette taxes during the life of its Storm Sewer Bonds, when the charter of the City and other applicable provisions of the law under which said taxes are collected and administered might be repealed at any time.
This question is concluded by the well settled principle that the law in force at the time the contract is made forms part of the contract and when a county, municipality or other governmental entity issues its bonds under a statute providing for payment of said bonds, including the levy of an annual tax to service them, the legislature is without power to repeal the statute or otherwise impair the contract. State v. City of Pensacola, Fla., 40 So.2d 569 and other cases cited in support of the previous question also concluded this question.
It is last contended that the City of Coral Gables is without authority to pledge other resources of the city than its cigarette taxes, except ad valorem taxes, for the payment of principal and interest on its Storm Sewer Bonds as they mature in the event moneys derived from cigarette taxes are not sufficient to do so.
The city charter of Coral Gables provides that the city may not only pledge its share of cigarette taxes for servicing its Storm Sewer Bonds, but if said funds are not sufficient to service them, they may be serviced from other funds of the city except ad valorem taxes. The resolution of the City authorizing the issue of Storm Sewer Bonds, the face of the bonds including other covenants and agreements conclusively show this. The cases cited in support of the previous questions also support this view. It is also conclusively shown that under no circumstances can ad valorem taxes of the City be bound to service said bonds.
It follows that the decree of the chancellor must be and is hereby affirmed.
Affirmed.
THOMAS, HOBSON and DREW, JJ., concur.