SEBRING, s Justice.
The state attorney of Monroe County, Florida, has appealed from a final decree validating revenue bonds to be issued by *523 Monroe County to finance the construction of permanent improvements to its airport.
The bonds, which are to be issued under the provisions of Chapter 332, Florida Statutes, F.S.A., are to be retired from a revenue fund consisting of the. proceeds derived from renting concessions at the airport, and, in the event the same are not sufficient for the purpose, “from the proceeds of occupational and beverage licenses imposed and collected by said county, and from the money received by said county as its share of the receipts of race tracks operated in the state.” The .bond resolution specifically provides that “no money, to be paid into said .Revenue Fund by Monroe County * * *■ 'shall ever be money received as the proceeds of the levy of ad valorem taxes by said county but shall always be money received by ■ said county from sources other than the proceeds of ad valorem taxes.”
There is nothing in the above plan for retirement of the bonds that will render the bonds invalid or require as a condition precedent to their issuance an approving vote of the freeholders. “We have repeatedly held that revenue bonds issued for a public purpose, payable solely from revenues derived from the utilities service, excise taxes, licenses or other sources than ad valorem taxes, do not require an approving vote of the freeholders under Section 6, Article IX of the Constitution.” State v. City of Miami, Fla., 62 So.2d 407; City of Jacksonville v. Savannah Machine & Foundry Co., Fla., 47 So.2d 634; State v. City of Coral Gables, Fla., 48 So.2d 741; State v. City of Homestead, Fla., 59 So.2d 742; State v. City of Coral Gables, Fla., 72 So.2d 48.
Some contention is made by the appellant that since the bonds are to be issued under the provisions of Chapter 332, Florida Statutes, F.S.Á., which requires that county bonds for airport purposes “shall be authorized and issued in the manner and within the limitation, except as herein otherwise provided, prescribed by the laws of this state *. * * for the issuance and authorization of bonds * * * for public purposes generally”, section 332.06 (3), Florida Statutes 1953, F.S.A., the bond issue is necessarily governed by section 130.03, Florida Statutes 1953, F.S.A., which provides that “Bonds shall be issued only after the same shall have been approved by the majority of the votes cast in an election in which a majority of the freeholders, who are qualified electors residing in such county, shall participate.”
.We .cannot agree with this contention. • The . requirement in section 332.05(3), supra, that bonds- for airport purposes shall be issued only in .the manner prescribed by the laws of the state for the issuance of bonds for public purposes generally, has reference to- the laws of the state relating to such things as the form of the bonds, the sale thereof, the interest rate, the disposition of the proceeds and other such matters which must be determined after the basic decision to issue bonds for airport purposes has been made by the governing body of the county. Section 130.03, Florida Statutes 1953, F.S.A., cannot by reference be considered as part of Chapter 332, Florida Statutes, F.S.A., for this section of the general law relates to the issuance of bonds that require the levy of an ad valorem tax for their payment, sections 130.02 and 130.10, Florida Statutes, F.S.A., and not to the bonds in question, which are self-liquidating bonds that are not a lien against the general taxing power of the county. Section 332.06 (3), Florida Statutes 1953, F.S.A.
The decree appealed from should be affirmed.
It is so ordered.
DREW, C. J., and TERRELL and ROBERTS, JJ., concur.