TERRELL, Justice.
This appeal is from a final decree of the Circuit Court, Fifteenth Judicial Circuit, validating Parking Facilities Revenue Bonds of the City of West Palm Beach, hereinafter referred to as revenue bonds. The purpose of said revenue bonds is (1) to finance the acquisition and improvement of lands for off-street parking of motor vehicles; (2) to provide funds to pay the cost of acquiring and installing on-street parking meters, and (3) to pay cost of other parking facilities.
Prior to precipitating this proceeding, the city showed by competent evidence that adequate off-street parking facilities had not been otherwise provided; that investigations were made to determine the location within the city where off-street parking facilities are most urgently needed and that public undertaking to provide such facilities will lessen traffic congestion within the city and is necessary for the protection and preservation of the peace, health, safety and property of the city and its inhabitants.
Petition to validate said revenue bonds was filed September 7, 1960; notice and order to show cause were duly entered; there was an acknowledgment of service by the state attorney; answer and supplemental answer to the petition and proof of publication were seasonably filed. A transcript of testimony taken before the court and other essential exhibits were also lodged with the court. Final decree of validation was entered October 24, 1960, from which this appeal was taken.
The first question urged for determination is as follows:
“Is the provision contained in Section 510 of Ordinance No. 753, to the effect that, in the event that the amount on deposit to the operating fund shall at any time be insufficient for paying the current expenses of the off-street parking facilities or the on-street parking meters, the city covenants to deposit to the operating fund an amount sufficient to make such payments from other available funds of the city, provided, however, that no such deposit shall be made from moneys derived from ad valorem taxes, a legal and valid provision and not in violation of Section 6 of Article IX of the Constitution of Florida [F.S.A.].”
At the outset, it is pertinent to point out that the petition to validate the revenue bonds in question is filed pursuant to the city charter, Chapter 24981, Special Acts of 1947, as amended and supplemented, *570 which authorizes the city to construct, reconstruct, equip, improve, extend, enlarge, maintain, repair and operate parking facilities, within the corporate limits of the city as defined in the enabling act, and to issue revenue bonds of the city to pay the cost of such construction, reconstruction, equipment, improvement, extension or enlargement.
The revenue bonds in question were proposed by Section 510 of Ordinance 753, of the City of West Palm Beach. Appellant contends that the covenant quoted in Section 510 is violative of Section 6, Article IX of the Constitution, since it creates a debt against the city without an approving vote of the freeholders. Appellant recognizes, however, that this court is committed to the doctrine that obligations payable from sources other than ad valorem taxes are not debts requiring an election under Section 6, Article IX of the Constitution. We think the following cases conclude this question contrary to the contention of the appellant: State v. City of Miami, Fla.1960, 119 So.2d 785; State v. City of Coral Gables, Fla.1954, 72 So.2d 48, and Welker v. State, Fla.1957, 93 So.2d 591. We think these cases conclude the case at bar, on the basis of which the judgment appealed from might be affirmed.
The second question urged is as follows:
“Is the provision contained in Section 510 of Ordinance No. 753, to the effect that, in the event that the amount on deposit to the operating fund shall at any time be insufficient for paying the current expenses of the off-street parking facilities or the on-street parking meters, the city covenants to deposit to the operating fund an amount sufficient to make such payments from other available funds of the city, provided, however, that no such deposit shall be made from moneys derived from ad valorem taxes, fully authorized under the Florida Statutes and the city charter ?”
This question has to do with the cost of maintenance, repair and operation of off-street parking facilities. Appellant contends that the covenant contained in Section 510 is invalid because neither the city charter nor the general laws expressly authorize the city contingently to make a pledge to pay the cost of maintenance,, repair and operation of off-street parking facilities when revenues of such facilities-are insufficient for that purpose.
It is a fact, however, that Chapter 183,. Florida Statutes, F.S.A., authorizes Florida municipalities to provide parking facilities. Section 183.01, Florida Statutes, F.S.A.,. deals with every phase of the necessity for such parking facilities. A similar question was considered in Gate City Garage, Inc. v. City of Jacksonville, Fla.1953, 66 So.2d 653, 660, wherein, among other things, the court said:
“As long as on-street parking meters are used by the city for that purpose, it will be necessary that the city pay for the maintenance and operation of such meters, whether the money is obtained from the meters themselves or from some other source provided by the city to maintain its police department and exercise its police powers.”
The same argument would certainly apply to off-street parking facilities.
Appellee earnestly urges that the power to make the pledge recited in Section 510 is an implied attribute of its power to provide parking facilities for relief of traffic congestion; that in exercising its police power the city has implied power to effectuate its exercise, consequently a duty rests on the city to maintain, repair and operate facilities wholly apart from the covenant contained in Section 510, and that in fact the estimate of surplus revenues as testified by the parking consultant makes it inconceivable that the city will at any time be called on to expend any funds under Section 510.
In addition to this, the chancellor found in the final decree of validation that Chap *571 ter 183, Florida Statutes, as amended by •Chapter 59-160, General Laws of Florida, Acts of 1959, F.S.A., authorized the adoption of Ordinance 753; that said ordinance was adopted by the city September 6, 1960, •and that it not only provided off-street parking facilities, but it provided for on-street parking meters and for financing •cost of the same.
The chancellor further found that Ordinance 753 was adopted by the city pursuant to law; that it is sufficient for the purposes stated; that the city is fully authorized under Florida statutes and the city charter to apply available funds of the city not ■derived from ad valorem taxes to the op•erating fund as provided in said Section .510. The chancellor further found that said revenue bonds will not be deemed to ■constitute a debt of the city or a pledge of the faith and credit of the city but will he payable solely from the special fund provided therefor from revenues; that the ■city is not obligated to pay said funds or ■the interest thereon except from such special fund and that the faith and credit of the city are not pledged to the payment of such principal or interest, and the issuance ■of said bonds will not directly or indirectly ■or contingently obligate the city to levy or to pledge any taxes whatever therefor or to make any appropriation for the payment •of the bonds or the interest thereon except from such special fund.
The third and last question urged is as follows:
“Are the provisions contained in Section 508 of said ordinance No. 753, to the effect that the revenues of the off-street parking facilities and the on-street parking meters shall be applied first to the payment of the interest on and the principal of the bonds and secondly, if any balance remains after making such payments, to the payment of the current expenses of such off-street parking facilities and on-street parking meters, legal and valid provisions and not in violation of Chapter 183, Florida Statutes [F.S.A.], as amended ?”
This question, among other things, has to do with interpretation of various parts of Chapter 183, Florida Statutes, F.S.A. The chancellor found that Section 508 of Ordinance 753 did not violate, or was not in conflict with, Chapter 183, Florida Statutes, F.S.A. For these and other reasons not necessary to discuss, we think there was no merit to this question.
It follows that the judgment appealed from was correct and must be affirmed.
Affirmed.
THOMAS, C. J., and HOBSON, THOR-NAL and O’CONNELL, JJ., concur.