O’CONNELL, Justice.
This is a chancery appeal from a final decree validating an issue of Parking Facilities Revenue Bonds (Series B) of the City of West Palm Beach in the amount of $490,000. The proceeds are to be used to provide additional off-street parking facilities.
In 1960, pursuant to Ch. 183 F.S., the city commission adopted Ordinance No. 753 authorizing the issuance of revenue bonds for the provision of both off-street parking facilities and parking meters. Validation of the initial bond issue (Series A) was affirmed by this court. Fla., 125 So.2d 568. Section 210 of the 1960 ordinance authorized the future issuance of additional series of revenue bonds for additional parking facilities, to be financed from the common project established by that ordinance. It was pursuant to this authorization that the city commission adopted the 1966 ordinance (No. 963-66) authorizing the bond issue involved in this proceeding.
The city is presently governed under a charter granted by the legislature by Chapter 65-2381, Special Laws of Florida, 1965. Secs. 8.02(4) and 8.03(2) of the charter contain provisions that would arguably affect the validity of the present bond issue if they applied to it. However, Sec. 16.02 of the charter provides, in part:
“Each bond ordinance in effect on the effective date hereof shall remain in effect, including all provisions thereof authorizing issuance of bonds at a time or times after the effective date hereof.”
The appellant state acknowledges that this provision operates to maintain in effect the 1960 ordinance. However, it urges a construction according to which the 1960 ordinance would control future bond issues, including the one under consideration, subject to the detailed provisions of the 1965 charter, including the two referred to above. The appellee city; on the other hand, urges a construction according to which the 1960 ordinance would be fully effective as to such bond issues as this, notwithstanding the provisions of the 1965 charter which conflict with it. The chancellor adopted the construction urged by the appellee.
After deliberate consideration of the arguments by brief of both parties and of the oral argument of the appellee, we conclude that the chancellor was correct and should be affirmed. Under this disposition, there is no need to consider the substantive implications of the conflicting provisions of the 1965 charter referred, to above.
Therefore, the decree of validation is affirmed.
THORNAL, C. J., and DREW, CALDWELL and ERVIN, JJ., concur.