374 So.2d 1037 (1979)
Kevin R. HAUSLER and Karen H. Hausler, His Wife, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 78-1454.
District Court of Appeal of Florida, Second District.
August 1, 1979.
Rehearing Denied September 4, 1979.
*1038 Roland J. Lamb and Irene Sullivan of the law offices of Harris, Barrett & Dew, St. Petersburg, for appellants.
William C. Kaleel, Jr. and Sheldon Phillips of Kaleel & Kaleel, P.A., St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
Appellee State Farm Mutual Automobile Insurance Company issued and delivered an automobile insurance policy to Kevin Hausler on May 31, 1976. The policy insured, among other things, a 1971 Chevrolet owned by Hausler and further included a provision for uninsured motorist coverage. While operating his Kawasaki motorcycle, Hausler was involved in an accident with a hit and run motor vehicle. Hausler's motorcycle was covered by a liability policy issued by another company. The motorcycle policy did not provide uninsured motorist benefits. Hausler filed a claim with State Farm for payment of proceeds under the uninsured motorist provision of the Chevrolet policy. State Farm refused to honor the claim, asserting that Section 627.4132, the anti-stacking provision of the Florida Automobile Reparations Reform Act, precluded recovery. The trial court entered a final order dismissing Hausler's cause of action with prejudice. It is from this final order that Hausler appeals.
In their briefs the parties argue the issue of the definition of "vehicle" as used in Section 627.4132, Florida Statutes (1977). We find that it is unnecessary to address this point because Section 627.4132 does not apply to this case. The policy in question was issued and delivered a month before the governor signed Section 627.4132 into law and four months before it became effective on October 1, 1976. Although the accident which fostered this dispute occurred on March 15, 1977, it is not the accident date that controls.
When Hausler and State Farm negotiated for and entered into the subject contract of insurance, its terms were set in accordance with the law in effect at that time which did not preclude stacking insurance coverage. State Farm Mutual Automobile Ins. Co. v. White, 330 So.2d 858 (Fla.2d DCA 1976). Neither party was on notice of the limitations soon to be imposed by Section 627.4132.
Article I, Section 10, of the Florida Constitution prohibits the legislature from passing any law which impairs the obligation of a contract. In other words, where the statute in question was not in effect at the time of contracting, it cannot be retroactively applied to alter the obligations of that contract. This is true even though the act which triggers the obligation occurs after the statute is enacted.
Our supreme court stated the rule in Dewberry v. Auto-Owners Ins. Co.:
... The citizens of this State cannot be charged reasonably with notice of the consequences of impending legislation before the effective date of that legislation, for it is generally accepted that a statute speaks from the time it goes into effect . .. Today we reaffirm this general rule and find that appellant was placed on notice of the effectiveness of Section 627.4132, Florida Statutes (Supp. 1976), only as of October 1, 1976.
363 So.2d 1077, 1080 (Fla. 1978) (citations omitted).
*1039 For the reasons stated, we reverse the final judgment dismissing appellants' cause of action and remand the cause for further action consistent with this opinion.
SCHEB and DANAHY, JJ., concur.