BOYD, Justice.
This cause is before the Court on petition for writ of certiorari to review an order of the County Court of Pinellas County. Because it passed upon the constitutionality of a state statute, the order, under the jurisdictional provisions in effect when the petition was filed, would have been appealable to this Court upon final judgment. Therefore, we have jurisdiction to review the order by certiorari. Art. V, § 3(bX3), Fla.Const. (1972).
Metrocare, Inc., brought this action against the petitioners to recover sums it claimed were due under a condominium maintenance agreement. Petitioners raised the defense that their agreement to pay the claimed condominium maintenance fees was void and unenforceable. Both parties moved for summary judgment. The motions placed in issue the effect and validity of section 718.3025, Florida Statutes (1978 Supp.), which was enacted after the agreement in question was entered into. Ch. 78-340, § 5, Laws of Fla.
Section 718.3025 provides:
718.3025 Agreements for operation, maintenance, or management of condominiums; specific requirements.—
(1) No written contract between a developer or party contracting to provide maintenance or management services and an association prior to assumption of control of the association by unit owners other than the developer, by the developer or party contracting to provide maintenance or management services, or by the association after the assumption of control by unit owners other than the developer, which provides for operation, maintenance, or management of a condominium association or property serving the unit owners of a condominium shall be valid or enforceable unless the contract:
(a) Specifies the services, obligations, and responsibilities of the developer or .party contracting to provide maintenance or management services to the unit owners.
(b) Specifies the amount of money to be paid for each service, obligation, or *679 responsibility to be performed by the party contracting to provide maintenance or management services and a time schedule indicating how often the service, obligation, or responsibility is to be performed, whether this be daily, weekly, monthly, or at some other regularly scheduled interval.
(c) Specifies a minimum number of personnel to be employed by the party contracting to provide maintenance or management services for the purpose of providing service to the association.
(2) In any case in which the party contracting to provide maintenance or management services fails to provide such services in accordance with the time schedule set forth in the contract, the association is authorized to procure such services from some other party and shall be entitled to collect any fees or charges paid for service performed by another party from the party contracting to provide maintenance or management services.
(3) Any services or obligations not stated on the face of the contract shall be unenforceable.
Section 718.126, Florida Statutes (1978 Supp.), which was created by chapter 78-340, section 11, Laws of Florida, provides: “The amendments to this chapter by chapter 78-340, Laws of Florida, shall apply to all contracts in effect on the effective date of chapter 78-340 and to all contracts entered into after the effective date of chapter 78-340.”
The trial court ruled for the plaintiff-respondent, holding section 718.126 unconstitutional as an impairment of the obligation of a contract. We agree.
Section 718.126 is an attempt by the legislature to make the requirements of section 718.3025 retroactively applicable. The retroactive application of the provisions requiring that maintenance agreements have certain provisions would invalidate many existing agreements. This impairs the obligations incurred under the pre-existing contracts and is unconstitutional. U.S.Const. Art. I,. § 10;[1] Art. I, § 10, Fla.Const.[2] See Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla.1978); Fleeman v. Case, 342 So.2d 815 (Fla.1976); Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla.1975).
The ruling under review was correct. We therefore deny the petition for a writ of certiorari.
It is so ordered.
SUNDBERG, C. J., and ADKINS, OVER-TON and ALDERMAN, JJ., concur.

. No state shall . .. pass any . .. law impairing the obligation of contracts....

. No ... law impairing the obligation of contracts shall be passed.