447 So.2d 965 (1984)
TRI-PROPERTIES, INC., Appellant,
v.
MOONSPINNER CONDOMINIUM ASSOCIATION, INC., Appellee.
No. AT-307.
District Court of Appeal of Florida, First District.
March 16, 1984.
*966 Robert B. Staats of Staats, Overstreet & White, Panama City, for appellant.
John D. O'Brien, Panama City, for appellee.
SMITH, Judge.
Appellant, a management company, appeals from a final judgment denying relief in its breach of contract action against appellee-condominium homeowners association. Appellant essentially contends that the association should be liable for damages for wrongful cancellation of the contract in the absence of proof that the contract was breached by appellant, or was unfair or unreasonable. The trial court ruled, and we agree, that it was unnecessary for the association to prove breach of contract, or that it was unfair or unreasonable, in order to exercise the right of cancellation under Section 718.302, Florida Statutes (1981).
The facts, briefly, are that appellant entered into a contract with the association on June 4, 1982, for management of the condominium operated by the association. At the time the contract was entered into the association was under the control of the developers. On December 11, 1982, unit owners other than the developer owned in excess of 75 percent of the units in the condominium. On that date, by vote of the owners of more than 75 percent of the non-developer owned units, the owners cancelled appellant's management contract with the association. At the final hearing before the trial judge there was no proof of any breach of contract by appellant, nor was there any contention that the contract was not fair and reasonable. Appellee relied solely upon the provisions of Section 718.302, Florida Statutes (1981), as giving it the right to cancel the contract.
The statute, in pertinent part, provides:
718.302 Agreements entered into by the association. 
(1) Any grant or reservation made by a declaration, lease, or other document, and any contract made by an association prior to assumption of control by the association by unit owners other than the developer, that provides for operation, maintenance, or management of a condominium association or property serving the unit owners of a condominium shall be fair and reasonable, and may be cancelled by unit owners other than the developer:

(a) If ... unit owners other than the developer own not less than 75 percent of the units of the condominium, the cancellation shall be by concurrence of the owners of not less than 75 percent of the units other than the units owned by the developer. .. . (emphasis supplied)
The trial court interpreted the above statutory provision as granting to the requisite number of unit owners the right to cancel any operation, maintenance, or management contract between the association and *967 a third party, without regard to whether there has been any breach or nonperformance by the third party, and without regard to whether the contract is fair and reasonable. Appellant maintains that the statute does not relieve the owners from the burden of proving that the contract is not "fair and reasonable," or that there has been a breach by the management company, in order to avoid liability for damages upon cancellation. Appellee, on the other hand, contends that the requirement that such contracts must be "fair and reasonable," and the provision authorizing cancellation by owners of 75 percent of the non-developer owned units, are separate and independent.
We conclude that the trial judge's interpretation was correct. It is apparent that this statutory provision, among others contained in Chapter 718, Florida Statutes, addresses the need of developers to provide for the operation, maintenance and management of condominium projects, and to enter into contracts for these purposes, and the need for protection of unit owners with respect to such contracts.[1] The provision at issue here governs certain contractual rights of developers and unit owners with respect to operation, maintenance and management during the period of transition between developer control and unit owners' control of the association operating the condominium. The legislature has simply determined that when 75 percent of the units in a condominium complex are non-developer owned, those unit owners should be free to reject operation, maintenance, and management contracts previously made by the developer-controlled association. The statute spells out other circumstances under which owners other than the developer may cancel contracts with third parties, and contains provisions also for the making of new contracts by the association. The intent of the Legislature to confer upon unit owners other than the developer cancellation rights in addition to rights they would have under ordinary contract law is apparent from a reading of other provisions of Section 718.302(1). For example, subparagraph (e)1. provides that notwithstanding the provisions of subsection (1), certain vending equipment contracts "shall not be subject to cancellation as provided herein ...," provided the contract meets certain criteria enumerated in subparagraphs a through f, inclusive, all of which are designed to afford protection of unit owners other than the developer.
Finally, appellant recognizes the difficulty in asserting an impairment of contract claim under the federal or state constitutions, since the statute relied upon by appellee as its sole defense was in effect prior to and at the time of execution of the contract under consideration.[2] Further, although appellant urges the general applicability of constitutional principles in the interpretation of statutes, citing 10 Fla. Jur.2d, Constitutional Law, §§ 69-73, the constitutionality of the statute was not directly challenged in the trial court, and constitutional questions have not been briefed nor argued for our review on appeal.[3]
*968 Accordingly, the judgment appealed from is AFFIRMED.
ERVIN, C.J., and NIMMONS, J., concur.
NOTES
[1] "In Florida, condominiums are creatures of statute and as such are subject to the control and regulation of the Legislature. That body has broad discretion to fashion such remedies as it deems necessary to protect the interests of the parties involved." Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Association, 361 So.2d 128, 133 (Fla. 1978).
[2] In order for a statute to offend the prohibition against impairment of contracts, Article I, Section 10, United States Constitution, Article I, Section 10, Florida Constitution, it must have the effect of changing the substantive rights of the parties to an existing contract. Manning v. Travelers Insurance Company, 250 So.2d 872 (Fla. 1971). Further, the laws in force at the time of the making of the contract enter into and form a part of the contract as if they were expressly incorporated into it. See, State v. Coral Gables, 72 So.2d 48 (Fla. 1954); 10 Fla. Jur.2d, Constitutional Law, § 315. Any attempt to retroactively apply the cancellation rights conferred by Section 718.302 to existing contracts would, however, be constitutionally suspect. Cf. Rebholz v. Metrocare, Inc., 397 So.2d 677 (Fla. 1981).
[3] The questions presented on appeal call for interpretation and application of the statute. Constitutional issues, other than those constituting fundamental error, are waived unless timely raised. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). Appellant suggests without citation of particular constitutional provisions or case authority, that although the Legislature might have the authority to confer the right of cancellation of a contract and thus eliminate the remedy of specific performance (an interpretation of Section 718.302 urged by appellant, cf., Point East One Condominium v. Point East Developers, Inc., 348 So.2d 32 (Fla. 3rd DCA 1977)), constitutional issues might be implicated in the Legislature's denial of the right to seek recovery of damages for such cancellation. This does not sufficiently raise a constitutional question for decision by this court. See, State v. Miami Coin Club, 88 So.2d 293 (Fla. 1956). A party asserting the invalidity of a statute is charged with the burden of proving that it is invalid. Milliken v. State, 131 So.2d 889 (Fla. 1961); Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla. 1981); Fulford v. Graham, 418 So.2d 1204 (Fla. 1st DCA 1982).