552 So.2d 274 (1989)
The BREAKERS OF FORT WALTON BEACH CONDOMINIUMS, INC., Appellant,
v.
ATLANTIC BEACH MANAGEMENT, INC., a Florida Corporation, the Breakers of Fort Walton Beach, Florida, Inc., a Florida Corporation, and George Bull, Appellees.
No. 88-1187.
District Court of Appeal of Florida, First District.
November 14, 1989.
*275 John P. Townsend, of Chesser, Wingard, Barr & Townsend, Fort Walton Beach, for appellant.
Paul M. Eakin, of Noe, Eakin & Foody, Atlantic Beach, for appellees.
ERVIN, Judge.
Appellant, the plaintiff below, seeks review of an order dismissing four of the five counts contained in its complaint with prejudice. We affirm in part, and reverse in part and remand.
Appellant, a condominium association, filed its five-count complaint, which named Atlantic Beach Management, Inc. (the management company), The Breakers of Fort Walton Beach, Florida, Inc. (the developer), and George Bull (president of both the management company and the developer and director of the association) as defendants. Count I sought termination of the management contract entered into between the association and the management company at a time when the developer held a controlling interest in the association. Appellant alleged that the management company breached the management contract, that the contract was not fair and reasonable as required by Section 718.302(4), Florida Statutes (1987), and that the terms of the contract conflicted with the powers and duties of the association and the rights of the unit owners in violation of Section 718.302(3), Florida Statutes (1987). Count II sought damages for breach of contract against the management company. This count also contained allegations that the contract violated sections 718.302(4) and 718.302(3). Count III sought the appointment of a receiver, because appellant's assets were allegedly being wasted and improperly managed as a result of the aforesaid breach and statutory violations. Count IV, which was upheld by the trial court and which is not a subject in this appeal, was brought under the authority contained in Section 718.302(6), Florida Statutes (1987), to compel the developer to comply with the provisions of Section 718.301, Florida Statutes (1987).[1] Appellant sought injunctive relief under Count V. It was alleged that George Bull, because of his positions as owner, director, and president of both the management company, and developer, as well as director of the association, had conflicting interests, thereby resulting in his unwillingness to perform acts in the interest of the association. Therefore, appellant sought to enjoin George Bull from engaging in any activities on behalf of the association.
Initially, we affirm the dismissal with prejudice of both Counts III and V, because adequate remedies at law exist, as explained below.
We affirm the dismissal of Count I with prejudice. Neither the terms of the contract relied upon by appellant[2] nor section *276 718.302[3] provide appellant with a cause of action for termination of the management contract. Rather, the contract and the statute merely empower appellant to terminate the contract itself. The problem in this case arises because appellant has never actually terminated the contract. Instead, appellant appears to be asking the court to determine whether it has "proven circumstances involving negligence, misfeasance or malfeasance on the part of the Contractor" so that it may safely terminate the contract under its express terms,[4] or in the alternative, to determine whether the contract is unfair and unreasonable so that it may safely terminate the contract pursuant to section 718.302.[5] As such, appellant is merely seeking an advisory opinion by the trial court and therefore has set forth no cause of action.
Finally, we reverse the dismissal of Count II, alleging breach of contract. In contract actions, the complaint must allege the execution of the contract, the obligation assumed thereby, and the breach. Industrial Medicine Publishing Co. v. Colonial Press of Miami, Inc., 181 So.2d 19, 20 (Fla. 3d DCA 1965). Appellant clearly alleged the existence of the contract between the management company and itself, the obligations assumed by the management company to manage and maintain the condominium, and the breach of those duties. As such, the allegations represent a prima facie case of breach of contract. Although the count also contains some superfluous allegations (including that the contract is unfair and unreasonable in violation of section 718.302(4) and that it is in conflict with the unit owners' rights in violation of section 718.302(3)), the pleading is nonetheless sufficient. See Thomas v. Pridgen, 549 So.2d 1195 (Fla. 1st DCA 1989) (reversing dismissal of pro se complaint, because it stated a cause of action, even though it contained extensive surplusage).
The order is AFFIRMED in regard to the dismissal with prejudice of Counts I, III and V; however, it is REVERSED as to the dismissal of Count II, and the cause is REMANDED for further consistent proceedings.
SHIVERS, C.J. and JOANOS, J., concur.
NOTES
[1] Section 718.301(4) requires the developer, upon relinquishment of control to the unit owners, to deliver specific items to the association, such as the declaration of condominium, articles of incorporation, by-laws, minute books, and house rules and regulations.
[2] The management contract provides:

27. Termination.
(a) This agreement may be terminated by the Association upon eighty (80) days written notice of the date of termination:
(1) Without cause after the affirmative vote for termination of the Owners of seventy-five (75%) percent of the Condominium Apartments contained within the building or buildings of THE BREAKERS voting in person at a regular or special meeting called for that purpose by the Association.
(2) Because of proven circumstances involving negligence, misfeasance or malfeasance on the part of the Contractor.
[3] Section 718.302, Florida Statutes (1987), provides in part:

(1) [A]ny contract made by an association prior to assumption of control of the association by unit owners other than the developer, that provides for operation, maintenance, or management of a condominium association or property serving the unit owners of a condominium shall be fair and reasonable, and such ... contract may be canceled by unit owners other than the developer:
(a) [I]f unit owners other than the developer own not less than 75 percent of the voting interests in the condominium, the cancellation shall be by concurrence of the owners of not less than 75 percent of the voting interests other than the voting interests owned by the developer... .
[4] Generally speaking, parties competent to enter into a contract can as validly agree to terminate or discharge it as they could agree to make it originally. 11 Fla.Jur. 2d Contracts § 161 (1979). Here the express provisions of the contract dictate how a party may terminate the contract.
[5] The purpose of section 718.302 is to provide a means by which unit owners may terminate contracts when the board of directors of an association refuses or neglects to terminate such an agreement. Clearwater Key Ass'n-So. Beach, Inc. v. Thacker, 431 So.2d 641, 645 (Fla. 2d DCA), review dismissed, 438 So.2d 834 (Fla. 1983). It is unnecessary to prove breach of contract or that the contract is unfair and unreasonable in order to exercise the right of termination under section 718.302. Tri-Properties, Inc. v. Moonspinner Condominium Ass'n, Inc., 447 So.2d 965, 966-67 (Fla. 1st DCA), review denied, 455 So.2d 1033 (Fla. 1984).