SHIVERS, Judge.
The Department of Community Affairs petitions for review of a nonfinal administrative order ruling on the scope of the hearing. The order concludes (1) that the hearing officer is without jurisdiction to interpret, enforce, rescind, or invalidate a stipulated settlement agreement, and (2) that the cases “will proceed as if the settlement agreement did not exist, although the agreement may be admissible for limited purposes not yet apparent.” We deny the petition.
The Department published a notice that the Lee County Comprehensive Plan was not in compliance with the requirements of the Comprehensive Planning and Land Development Regulation Act, Chapter 163, Part II. In accordance with section 163.-3184(10), the Department filed a petition with the Department of Administrative Hearings requesting a formal administrative hearing. Several parties intervened and except for an unrelated issue, the parties entered into a settlement. A stipulated settlement agreement was executed among the parties to resolve the disputed issues.
Lee County agreed to consider adopting certain specified amendments which would bring its plan into compliance with Chapter 163. Under the agreement, Lee County would be deemed to have fulfilled its obligations if it adopted the amendments agreed to in Exhibit A of the agreement. Paragraph 24 of the agreement stated that if the Department or any intervenor did not consider the remedial amendments to be substantially similar to the language of Exhibit A, the hearing officer would determine if the amendments were substantially similar. The parties agreed that an affirmative determination by the hearing officer would, under the agreement, render a final hearing on the merits unnecessary as the parties agreed to waive any right to appeal.
The county adopted the plan agreements, which satisfied the Department, but not all *274 the intervenors. Three new petitions were filed commencing three section 163.3184(9) proceedings. The cases were consolidated and one of the intervenors filed an amended motion in limine urging the hearing officer to disallow the introduction of evidence concerning the agreement at the final hearing. The hearing officer entered an order on February 5, 1991, wherein he concluded he was “without jurisdiction to interpret, enforce, rescind, or invalidate the settlement agreement.” The order also states that “the cases will proceed as though the settlement agreement did not exist, although the agreement may he admissible for limited purposes not yet apparent.” The matter was ordered to go to hearing both as to the compliance of the original plan and the remedial plan amendments.
Lee County then advised the hearing officer that it intended to file a suit for declaratory judgment and injunctive relief regarding the parties’ rights and obligations under the settlement agreement. Upon notification of this intent, the hearing officer entered an order resetting the final hearing for July 8, 1991. Lee County filed a motion for reconsideration, requesting that the hearing officer reconsider the order of February 5, 1991, and afford the settlement agreement the same consideration that any other voluntary stipulation filed with DOAH receives.
The hearing officer again ruled that he is without equitable jurisdiction to interpret or enforce the agreement. He concluded, “The statutory obligation of the hearing officer is to conduct these hearings. If a contract would be breached by proceeding to hearing on one or more of these hearings, only a court of general jurisdiction has the jurisdiction necessary to grant the relief sought....”
The gravamen of the Department’s argument is that if the hearing officer refuses to enforce or acknowledge the agreement, numerous other similar agreements with other counties in Florida will become useless.
We conclude that review of the final agency decision would provide an adequate remedy to the Department, and therefore deny the petition. See section 120.68(1), Florida Statutes (1987).
We observe parenthetically that not only would review of final agency action provide an adequate remedy, it may also be unnecessary — at least in regard to the issues raised in the petition at bar. The parties object to the hearing officer’s statement that he will treat the agreement as if it did not exist; but the hearing officer also states the agreement might be admissible for purposes not yet apparent. Given that nonexistent agreements are not admissible, the only way to reconcile the hearing officer’s position is that he has not been properly presented with the agreement or its contents.[1] For example, the hearing officer has not had the opportunity to determine whether a party has waived any right to object by entering into the agreement or is estopped from taking a position different from a position taken in the agreement. The relevance of the agreement to an issue before the hearing officer need not be raised in the context of enforcement of the agreement. In any event, the issues raised in the Department’s petition were brought here prematurely.
PETITION DENIED.
ZEHMER, J., concurs.
KAHN, J., concurs, with opinion.

. In fact, to foreclose the possibility of admissibility of the agreement in any form would be to grant relief which was not requested in the motion in limine or the amended motion in limine.