716 So.2d 345 (1998)
FLORIDA COMMISSION ON HURRICANE LOSS PROJECTION METHODOLOGY, Petitioner,
v.
STATE of Florida, DEPARTMENT OF INSURANCE and TREASURER, Respondent.
No. 97-3852.
District Court of Appeal of Florida, First District.
August 31, 1998.
Anne Longman of Lewis, Longman & Walker, P.A., Tallahassee, for Petitioner.
Steve H. Parton, Division of Legal Services, Department of Insurance, Tallahassee, for Respondent.
BENTON, Judge.
On grounds the court lacks jurisdiction to entertain a petition directed to (or to review on any other basis) a recommended order where the recommendation is fully favorable to the party seeking review, we dismiss the petition for writ of certiorari or in the alternative petition for review of non-final agency action filed by the Florida Commission on Hurricane Loss Projection Methodology.
The Florida Commission on Hurricane Loss Projection Methodology (FCHLPM) is an advisory panel of experts whose duty is to "provide the most actuarially sophisticated guidelines and standards for projection of hurricane losses possible, given the current state of actuarial science." § 627.0628(1)(c), Fla. Stat. (1997). On or about June 4, 1997, in order to challenge FCHLPM's use of a particular mathematical model for projecting losses hurricanes would cause, the Department of Insurance sent FCHLPM a document styled: Bill Nelson, In the Matter of A Decision of the Florida Commission on Hurricane *346 Loss Methodology, and entitled "Petition for Formal Administrative Proceeding."
FCHLPM forwarded the Department's petition to the Division of Administrative Hearings, reserving all defenses and objections, then filed a motion to dismiss the petition on the basis that the Department of Insurance had no standing to institute such a proceeding, and that, in any event, FCHLPM was not an administrative agency subject to the Administrative Procedure Act, chapter 120, Florida Statutes (1997).
The administrative law judge entered a recommended order concluding that the Department did not have standing to initiate the administrative proceeding it sought and recommending that its petition be dismissed. The administrative law judge also expressed the opinion that
any "commission" as generally described in Section 120.52(1)(b), Florida Statutes (Supp.1996), created by the Legislature to exercise independent powers in association with state government is deemed to constitute an "Agency" as defined in Section 120.52(1), Florida Statutes (Supp.1996).
The FCHLPM now complains that "this conclusion, albeit in the nature of dicta, is a departure from the essential requirements of law and impairs the Commission's ability to carry out its responsibilities as required by the Legislature."
But the recommendation itself, which recommends the grant of the motion to dismisscorrectly, according to FCHLPM was no departure from any legal requirement. See Charlotte County v. General Dev. Utils., 653 So.2d 1081, 1084 (Fla. 1st DCA 1995) ("To obtain certiorari review, a petitioner must demonstrate ... the order to be reviewed departs from the essential requirements of law...."). The administrative law judge examined both grounds FCHLPM urged for dismissal, accepted one, which was dispositive, and rejected the other.
Judicial review of a recommended order entered by an administrative law judge is appropriate in certain circumstances, to be sure. See Florida Dep't of Law Enforcement, Criminal Justice Standards and Training Comm'n v. Dukes, 484 So.2d 645 (Fla. 4th DCA 1986). "A preliminary ... order ... of an administrative law judge ... is immediately reviewable if review of the final agency decision would not provide an adequate remedy." § 120.68(1), Fla. Stat. (1997). See State, Dep't. of Community Affairs v. Division of Admin. Hearings, 588 So.2d 272, 274 (Fla. 1st DCA 1991).
In its petition here, however, FCHLPM expressly "recognizes that the Recommended Order of which it seeks review is favorable to the Commission." But FCHLPM's petition goes on:
Any doubt as to the manner in which the Commission is to move forward creates confusion and potential waste of the time and effort of a substantial number of state employees, and compromises the Commission's effectiveness. The part of the recommended order finding the Commission to be an agency burdens and has a prejudicial effect on the Commission's work.
In short, we are asked to further "the Commission's work" by rendering an advisory opinion on whether a non-dispositive passage in a favorable recommended order correctly stated the law.
We are without authority to expand our jurisdiction in this way. See Department of Revenue v. Markham, 396 So.2d 1120, 1121 (Fla.1981) ("Disagreement with a constitutional or statutory duty, or the means by which it is to be carried out, does not create a justiciable controversy or provide an occasion to give an advisory judicial opinion."); Santa Rosa County v. Administration Comm'n, 661 So.2d 1190, 1193 (Fla.1995) (stating that Florida courts may not render "advisory opinions at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts"); cf. Breakers of Fort Walton Beach Condominiums, Inc. v. Atlantic Beach Management, 552 So.2d 274, 275-76 (Fla. 1st DCA 1989). We decline to examine an administrative law judge's rationale for a ruling at the behest of the party in whose favor the administrative law judge ruled. Without expressing any view as to the merits, we dismiss the petition for writ of certiorari or in *347 the alternative petition for review of non-final agency action.
Petition dismissed.
PADOVANO, J., concurs.
BOOTH, J., specially concurring with written opinion.
BOOTH, Judge, specially concurring.
I agree with the majority to dismiss and write only to point out that the ALJ lacked jurisdiction to rule on the merits in view of the determination that Petitioner below (State, Department of Insurance and Treasurer) did not have standing. The ALJ's ruling on standing is not contested here.
In Rogers & Ford Constr. Corp. v. Carlandia Corp., 626 So.2d 1350, 1352 (Fla.1993), the Florida Supreme Court stated that the "determination of standing to sue concerns a court's exercise of [subject matter] jurisdiction to hear and decide the cause pled by the parties." Most recently in Grand Dune, LTD. v. Walton County, 25 Fla. L. Weekly D1228 (Fla. 1st DCA 1998), this court vacated the order entered by an agency lacking jurisdiction, holding:
In the administrative context, "[s]tanding has been equated with jurisdiction of the subject matter of litigation and has been held subject to the same rules, one of which is that jurisdiction of the subject matter (thus standing to bring suit) cannot be conferred by consent." [Citations omitted.]
Here, once the ALJ concluded that the Department did not have standing, the ALJ lacked jurisdiction to proceed to the merits of the case. The ALJ's excursion into the merits, therefore, is void for want of jurisdiction.