PADOVANO, J.
The petitioner, Centennial Bank, filed suit against the respondents to foreclose a mortgage on real property and to recover damages for failure to make payment on the underlying promissory note. The trial court ruled in the bank’s favor on the foreclosure claim but deferred consideration of the related action on the note. The bank now seeks review by certiorari, contending that the judgment contains adverse findings that may ultimately preclude recovery on the note.
The scope of review on a petition for writ of certiorari is limited to the correctness of the order to which the petition is directed and does not bring up for consideration any other matter decided in the trial court. See Haines City Community Development v. Heggs, 658 So.2d 523, 525 (Fla.1995) (articulating the characteristics that distinguish certiorari from an appeal). The sole point adjudicated in the judgment to be reviewed in this case is that the bank is entitled to foreclose on the mortgage. Because that decision is not in any respect adverse to the bank, it cannot be said that the bank has suffered an injury that could justify appellate review. As we have held in other cases, a party lacks standing to seek review of an order that is entirely favorable to its own interests. See Dep’t of Health v. Fresenius Medical Care Holdings, Inc., 935 So.2d 636, 637 (Fla. 1st DCA 2006); Florida Commission on Hurricane Loss Projection Methodology v. State Dep’t of Ins., 716 So.2d 345, 346 (Fla. 1st DCA 1998). That is precisely the situation here.
It is true, as the bank argues, that the judgment contains certain adverse findings relating to the bank’s right to recover on *571 the note, but the trial court has not yet acted on those findings. The bank contends that it will suffer irreparable harm if the judgment is not reviewed by certiorari, yet it is clear that the bank has not yet suffered any harm at all. Perhaps it is fair to say that the findings in the judgment do not bode well for the bank in its effort to recover damages under the note, but the judgment now before the court does not actually dispose of that claim.
Accordingly, we dismiss the petition for writ of certiorari on the ground that the bank lacks standing to seek review of the judgment.
Dismissed.
CLARK and SWANSON, JJ„ concur.